In re 400 SOUTH MAIN STREET, Debtor.

Gilles R. ROBERT, Gail F. Robert, and Resource Conservation Systems, Inc., Plaintiffs,

v.

Ina P. SCHIFF, George R. Murray, Michael DiLorenzo, and 400 South Main Street, Defendants.

Bankruptcy No. 90–10667.
Adv. No. 90–1128.

United States District Court, D. Rhode Island.

Nov. 7, 1991.

---

Jason D. Monzack, Kirshenbaum & Kirshenbaum, Cranston, R.I., for debtor/defendant.

Louis A. Geremia, Quinn, Cuzzone & Geremia, Providence, R.I., trustee.

Michael A. DiLorenzo, pro se.

Fred T. Polacek, Charles S. Kirwan, Rodio & Ursillo, Ltd., Providence, R.I., for plaintiffs.

Ina P. Schiff, pro se.

George E. Murray, pro se.

## ORDER

FRANCIS J. BOYLE, Chief Judge.

This matter came on for hearing before the Court (BOYLE, C.J.) on Wednesday, 30 October 1991 on the Report and Recommendation of the United States Bankruptcy Court for the District of Rhode Island (VOTOLATO, J.) that the Court abstain from hearing the pending action.

After review of the aforesaid Report and Recommendation, memorandum submitted by the parties and oral argument, this Court HEREBY ORDERS that the Report and Recommendation of the Bankruptcy Court that this Court should abstain is adopted.

## REPORT AND RECOMMENDATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court are two nearly identical motions to dismiss the captioned adversary proceeding: 1) the Motion of the Debtor to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief can be Granted; and 2) the Motion of Defendants Ina Schiff and George Murray to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim upon which Relief can be Granted.

Plaintiffs in the Adversary Proceeding are Resource Conservation Systems, Inc., a Rhode Island corporation, and Gilles R. and Gail F. Robert, Rhode Island residents. Defendants, and movants herein, are the Debtor, 400 South Main Street, a Rhode Island partnership, George Murray, a Connecticut resident, and Ina Schiff and Michael DiLorenzo, former spouses and both Rhode Island residents.

For the reasons given below, and pursuant to Bankruptcy Rule 5011(b), we file our Report and Recommendation to the United States District Court for the District of Rhode Island, recommending that the Dis-

trict Court enter a final order abstaining from hearing this adversary proceeding. 28 U.S.C. § 1334(c)

## THE COMPLAINT

Count I of the Complaint seeks damages for alleged fraudulent misrepresentations by Defendants Schiff, Murray, and DiLorenzo, made in the course of securing financial support from the Plaintiffs for the Debtor, 400 South Main Street. Count II alleges that Defendants Schiff, Murray, and DiLorenzo breached their respective fiduciary duties to the plaintiffs. Count III alleges that Defendants Schiff, Murray, and DiLorenzo breached an implied contract between the parties. Count IV alleges, alternatively, that 400 South Main Street was unjustly enriched by payments made by the Plaintiffs for and on behalf of the Partnership. Count V alleges, alternatively, that Defendants Schiff and Murray breached a September 11, 1989 contract with the Plaintiffs, by not making monthly contributions as agreed, and by not taking other steps essential to the development of Debtor's real estate.

## JURISDICTION

■ The Debtor's first ground for dismissal is that this is not a core proceeding under 28 U.S.C. § 157(b). That section provides that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). By order of the United States District Court for the District of Rhode Island dated July 18, 1984, the District Court referred "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to this Bankruptcy Court under 28 U.S.C. § 157(a).

■ "Core proceedings" are defined in 28 U.S.C. § 157(b)(2) by a non-exhaustive list of proceedings including subsection (O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship...." At least with respect to Count IV of the Complaint which alleges that the Debtor was unjustly enriched by Plaintiffs, we rule that this is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Even were we to hold that the instant dispute is non-core, however, that determination by itself would not divest this Court of jurisdiction or otherwise require us to dismiss the proceeding. Under 28 U.S.C. § 157(c)(1) a "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." In that instance, we are required to submit proposed findings of fact and conclusions of law to the District Court for entry of a final order or judgment. Accordingly, we deny the Debtor's motion to dismiss for lack of subject matter jurisdiction.

■ The Debtor's 12(b)(6)[1] motion is also denied. While the only claim against the Debtor appears in Count IV of the Complaint, alleging unjust enrichment, that allegation constitutes a cause of action under state law, and even were we not to characterize said claim as a core proceeding, it is at least in the nature of the "arising in or related to" jurisdiction of this Court as set out in 28 U.S.C. § 157(a).

Parallel motions of the pro se Defendants Schiff and Murray are also denied, for the same reasons.

Schiff and Murray, however, raise the additional argument of abstention, which we address below.

## ABSTENTION

■ Abstention, in the Bankruptcy context, takes two forms—discretionary and mandatory. Discretionary abstention is provided for in 28 U.S.C. § 1334(c)(1):

Nothing in this section prevents a district court in the interest of justice, or in the

---

1. Rule 7012(b) provides that FED.R.CIV.P. 12(b)-(h) applies in adversary proceedings such as this one. FED.R.CIV.P. 12(b)(6) provides that "the following defenses may be made by motion ... failure to state a claim upon which relief can be granted."

interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

We note that discretionary abstention is authorized "in the interest of justice" or "in the interest of comity with State courts or respect for State law." There is currently a pending action in the Rhode Island Superior Court styled *Old Stone Bank v. Ina P. Schiff, et al* (C.A. P 90–5284), which is a suit to recover under the note and mortgage on the Debtor's property, and on the personal guaranties of Schiff, Murray, and the Plaintiffs herein. The issues raised in that suit are state law causes of action and involve essentially the same nuclei of facts raised in the adversary proceeding brought here. Although Old Stone Bank is not a party to this proceeding, its state court complaint raises practically identical issues, in a forum more appropriate to the resolution of such claims than here, because the rights and liabilities of *all* the parties may be adjudicated in that action. It is clearly in the interest of judicial economy to adjudicate the subject litigation in the forum where the disputes between all of the parties may be resolved simultaneously.

■ Mandatory abstention is provided for in 28 U.S.C. § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise....

We are not bound by the mandatory abstention provision of § 1334 for several reasons. In the first place, the claims against the Defendants invoke more than the "related to" jurisdiction of this Court. Although a state action has been "commenced," it does not involve the same alignment of the parties. Therefore, although mandatory abstention does not appear to be appropriate under these circumstances, we rule that the issues of law and fact in the adversary proceeding are so intertwined with the state law claims that discretionary abstention is indicated, and we so recommend.

Bankruptcy Rule 5011(b) provides, in part, that "a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion.... Review of the report and recommendation by the district court shall be governed by [Bankruptcy] Rule 9033." While there is an arguable conflict between the authority of Bankruptcy Courts to issue final orders and judgments in core proceedings under 28 U.S.C. § 157(b) and the abrogation of that authority with respect to abstention orders,[2] we will not open that can of worms, but defer to what we understand to be the requirements of the Bankruptcy Rules.

Accordingly, we DENY the Motions of the Debtor and of Schiff and Murray to Dismiss, and instead recommend to the District Court, based upon the reasoning herein, that it enter an order abstaining (for discretionary reasons) from hearing this adversary proceeding.

March 5, 1991.

---

2. *See, e.g., In re Williams,* 88 B.R. 187, 188 n. 2 (Bankr.N.D.Ill.1988) ("To the extent that Bankruptcy Rule 5011(b) suggests differently, this Court believes that such provision is in direct conflict with the statutory provision for discretionary abstention ... and is therefore of questionable validity").