In re Joseph DiMARTINO, Debtor.

Bankruptcy No. 86–00402.

United States Bankruptcy Court,
D. Rhode Island.

Sept. 4, 1992.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for Trustee.

Louis Geremia, Cuzzone, Geremia & Civittolo, Providence, R.I., Trustee.

Stephen DeLuca, Hinckley, Allen, Snyder & Comen, Providence, R.I., for the Estate of Donald Marini.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on April 2, 1992 on the Chapter 7 Trustee's Motion requesting the following:

(1) an order compelling the Executor of the Probate Estate of Donald Marini (the "Probate Estate") to turn over certain monies due to him under the terms of a compromise agreement[1] between the Trustee and Marini; and/or

(2) imposition of an equitable lien on these monies.

After long and in-depth consideration of the merits of this dispute, we have decided, *sua sponte*, for the reasons given below, to abstain from adjudicating the matter at this time. Accordingly, the Trustee's motion is DENIED, without prejudice. A brief explanation of this abrupt but inconclusive turn of events, however, is in order.

## FACTS

The present dispute concerns an Order of this Court dated December 12, 1988. The Order approved an Application to Compromise a dispute between the Trustee and Donald Marini.[2] Appendix A at 1. The

---

**1.** Attached hereto and incorporated herein as Appendix A is a copy of the December 12, 1988 Order (the Order).

**2.** The Trustee had brought an adversary proceeding alleging that certain monies received by the Probate Estate were subject to his preferential transfer/avoidance powers. This Court,

relevant terms of the compromise were as follows: Marini agreed to pay the Trustee $20,000, in exchange for the Trustee's promise to postpone attempts to collect the $20,000 until the resolution of the adversary proceeding: *850 Aquidneck Avenue Assoc. v. Aquidneck Court Assoc. (In re DiMartino Co.)*, 97 B.R. 139 (Bankr.D.R.I. 1989). The Trustee reserved the right to collect the $20,000 from Marini regardless of the outcome of *In re DiMartino Co.*, and Marini reserved certain defenses to the Trustee's claims, including set-off rights. *Id.*

On March 8, 1990, before the conclusion of *In re DiMartino Co.*, Donald Marini died. His estate is being administered in the Probate Court of the Town of Barrington. As part of the resolution of *In re DiMartino Co.*, the Probate Estate received $25,000, and the parties agree that the $20,000 is now due to the Trustee under the terms of the Compromise Order.[3] Marini's executor explains, however, that claims filed against the estate greatly exceed the assets, and argues that, notwithstanding the terms of the Compromise Order, the Trustee has no greater entitlement to the assets of the Probate Estate than any other creditor, and that he should share pro-rata in the assets of the estate. (Def.'s Mem.Opp.Inj.Rel. at 3.)

The relief sought by the Trustee is largely equitable in nature. His entitlement to said relief, however, will be determined by reference to and application of state probate law. Additional issues are presented by the insolvency of the Probate Estate.

■ The Bankruptcy Code gives the Court broad discretion in whether to hear matters that involve state law issues:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts of respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). This discretion includes the authority to make a decision in favor of abstention. 11 U.S.C. § 105(a). *See Carver v. Carver*, 954 F.2d 1573, 1579 (11th Cir.1992); *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 424 (Bankr.S.D.Tex.1987). Although discretionary abstention is difficult to concretize into bright-line tests or specific balancing tests, a number of courts have made impressive attempts. *See Robert v. Schiff (In re 400 S. Main St.)*, 133 B.R. 282 (D.R.I.1991); *In re Craft Architectural Metals Corp.*, 115 B.R. 423, 432 (E.D.N.Y. 1989) (surveying decisions on discretionary abstention and enumerating factors to consider); *In re Republic Reader's Serv., Inc.*, 81 B.R. at 429 (twelve factors considered by Bankruptcy Judge in determining whether to exercise discretionary abstention).

■ The fundamental issue, however, is which forum, the probate court or the bankruptcy court, is better suited to adjudicate the present dispute between the parties. In *Carver*, the Eleventh Circuit felt that bankruptcy courts should give great deference to state courts in the area of family law: "It is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" *Carver*, 954 F.2d at 1579 (citations omitted). Probate law, like family law (and for that matter, bankruptcy law) is a specialized area of practice in which those special courts have developed substantial expertise, and as such are entitled to deference in litigation involving these issues.

■ The resolution of the controversy before this Court does not depend on any interpretation of the Bankruptcy Code, but does involve issues of state substantive law

---

in approving the compromise, did not rule upon the merits of the Trustee's claim, but addressed only the reasonableness of his business judgment in recommending the compromise. *See*

*Matter of Penn Central Transp. Co.*, 458 F.Supp. 1357, 1364 (E.D.Pa.1978).

**3.** The funds in dispute are being held in escrow.

and probate practice and procedure.[4] The outcome of the instant dispute is only one factor involved in the administration and liquidation of the Probate Estate, yet it is a claim that represents a substantial portion of the available assets. We conclude, therefore that the Probate Court is probably a better and more convenient forum than the Bankruptcy Court for the determination of the issues raised by the Trustee. Accordingly, we abstain from hearing the matter at this time, and will defer to the probate court's determination of the dispute between the Trustee and Estate of Donald Marini.

Accordingly, the Trustee's Motion to Enforce Compromise Order and Trustee's Lien is DENIED, without prejudice.

Enter Judgment consistent with this opinion.

## APPENDIX A

United States Bankruptcy Court
District of Rhode Island

In re: Joseph DiMartino, Debtor

### BK–86–00402

### APPLICATION TO COMPROMISE

1. A portion of the bankrupt's estate consists of a cause of action for preference payments against Donald Marini which is the subject matter of *Geremia v. Marini*, AP No. 87–00.

2. The defendant has offered to compromise said claim by payment of the sum of $20,000.00 to the debtor's estate. In return, the trustee has offered to refrain from attempting to collect the judgment pending this Court's decision in *850 Aquidneck Avenue Assoc. v. Aquidneck Court Assoc.*, AP No. 87–0017. In the event that Donald Marini becomes entitled to receive monies in the *Aquidneck Court* case, Marini agrees to pay $20,000.00 of those monies to the trustee. In the event that Marini's share of the proceeds in that case is less than $20,000.00, the trustee may initiate action to collect the deficiency.

3. The maximum damages which could be recovered under the statute for the benefit of the estate are $22,266.51.

4. The defendant has raised defenses to the trustee's claim including, *inter alia*, a right of setoff.

5. The trustee believes that under the circumstances of this particular case, said offer is fair and reasonable and said compromise is in the best interest of the estate.

WHEREFORE, the trustee requests permission to compromise said claim on the basis set forth above.

(s)Louis A. Geremia
Louis Geremia, Trustee

GRANTED:

(s)Arthur N. Votolato, Jr.
Arthur N. Votolato, Jr.
Bankruptcy Judge
12/12/88

### CERTIFICATION

I hereby certify that I mailed a copy of the within Notice to the U.S. Trustee, Boston Federal Building, 10 Causeway Street, Rm 472, Boston, MA 02222–1043 this 18th day of November, 1988, postage prepaid and to all the creditors and interested parties in Exhibit "A" attached hereto.

(s)[Signature]

---

4. We are also mindful that the interests of creditors of the Estate of Donald Marini are involved in this litigation, and that the Probate Court is clearly the place to settle those interests.