In re Vincent R. TERIO, Debtor.

Vincent R. TERIO, Appellant,

v.

Violet M. TERIO and Hersh & Hersh, P.C., Appellees. (Two Cases)

Nos. 93 Civ. 0155 (VLB),
93 Civ. 0156 (VLB).
Adv. Nos. 92–7028, 92–7051.
Bankruptcy No. 90–B31275 (JEB).

United States District Court,
S.D. New York.

Sept. 13, 1993.

Mary Jo White, U.S. Atty., New York City.

Vincent R. Terio, pro se.

Michael Gottlieb, Middletown, NY, Robert Hersh, Hersh & Hersh, PC, Peekskill, NY, for appellees.

## *MEMORANDUM ORDER*

VINCENT L. BRODERICK, District Judge.

### I

These bankruptcy appeals by debtor/plaintiff Vincent R. Terio ("appellant") challenge dismissals by United States Bankruptcy Judge Berk of two adversary proceedings brought in connection with appellant's October 1990 petition under Chapter 7 of the Bankruptcy Code. Appellant was discharged from bankruptcy on January 29, 1991.

In the underlying adversary proceedings appellant asserted various claims seeking, in brief, to invalidate two state court judgments of the New York Supreme Court, Putnam County, which awarded $23,270 to Mr. Terio's spouse and her attorneys (the "appellees") for attorney's fees and maintenance arrears in connection with a divorce granted in March 1989. A state court hearing to determine the amount of fees owed was held on January 7, 1991; the state court orders granting the awards were issued after appellant's bankruptcy discharge, and entered as judgments thereafter.[1]

The adversary proceeding in 93 Civ 0155 overlaps that in 93 Civ 0156, which was addressed to the entry of judgment of $4,500 awarded to the appellees for maintenance arrears and related attorney's fees. In 93 Civ 0155 the appellant alleged violations of 18 U.S.C. § 152 with respect to the state court hearing, wrongful attempts by the appellee law firm to collect the debts at issue, and fraudulent participation by the appellees in proceedings in the Bankruptcy Court that ultimately led to the Bankruptcy Court's determination that these debts were non-dischargeable.

Appellant, who is proceeding *pro se*, has raised issues in these appeals relating both to the procedures in the Bankruptcy Court and to the merits of his claims.

These two adversary proceedings are apparently the latest-filed of at least five cases brought by appellant in the Bankruptcy Court relating to the state court judgments and their dischargeability. A trio of cases, all with the same caption (*Terio v. Terio and Hersh & Hersh, P.C.*) were before United States Bankruptcy Court Judge Berk and tried on December 1, 1992. Appellant appealed from Judge Berk's decisions based on the December 1, 1992 trial dismissing all three cases. The first appeal was docketed as 93 Civ. 0153 (GLG) and assigned to Judge Goettel of this court (the "first case"); the appeals now before me (93 Civ. 0155 and 0156) challenge the Bankruptcy Judge's dismissal of the second and third cases (the "second case" and "third case").

From the papers and court records now before me, it appears that several of the earlier adversary proceedings were dismissed by the Bankruptcy Court, appealed to this court and, upon affirmance of such action or dismissal of the appeal, appealed to the Court of Appeals. The Court of Appeals has now dismissed appeals in cases that raised identical issues to most of those presented here. *Terio v. Terio and Hersh & Hersh, P.C.*, 92 Civ. 4937 (GLG), *appeals dismissed* 2d Cir, Dkt. Nos. 92–5076, 5080 (July 29, 1993); *Terio v. Harold Jones, United States Trustee and Counsel Panel Administrator*, 92 Civ. 5800 (GLG), *appeal dismissed* 2d Cir, Dkt. No. 92–5083 (July 29, 1993); *Terio v. Terio and Hersh & Hersh, P.C.*, 93 Civ 0153 (GLG), *appeal dismissed* 2d Cir, Dkt. No. 93–5044 (July 26, 1993).[2] The result of appellant's multitude of appeals from the Bankruptcy Court to this court, and from this court to the Court of Appeals, is that almost all of the issues he has raised have been decided with finality, as explained more fully in parts II–IV below.

---

1. In February 1991 the court awarded the appellees $18,770 in attorney's fees; in March 1991, the court issued an order granting $4,500 in maintenance arrears (and attorney's fees associated with efforts to recover those arrears). These judgments were entered in the Putnam County Clerk's office on February 26, 1991 and August 13, 1991, respectively.

2. Copies of District Court decisions on the merits are attached collectively as exhibits.

Upon consideration of those issues that appear at the present time to be undecided, I find that the Bankruptcy Court acted properly and ruled correctly in dismissing both of these cases and affirm both decisions. In light of this determination, and for the reasons set forth in part VII below, all pending motions and applications relating to these two appeals are denied.

## II

As Judge Goettel noted in reviewing the first of the three cases tried on December 1, 1992 to the Bankruptcy Court, "the procedural history of this bankruptcy is convoluted and confusing." *Terio v. Terio and Hersh & Hersh, P.C.*, 93 Civ. 0153 (GLG) (order, February 22, 1993). The present appeals in the second and third cases challenge the revocation by the Bankruptcy Judge on August 26, 1992 of oral decisions rendered in each case at a hearing held on August 7, 1992 in the three cases.

On August 7, 1992, Judge Berk dismissed the three cases, with the caveat that written orders of settlement were to follow. Appellant immediately appealed from all three oral bench decisions. On August 26, 1992, and prior to settlement of any orders predicated upon his oral decisions, Judge Berk revoked his prior ruling and scheduled the three cases for trial on December 1, 1992.

Appellant's appeal of the August 7, 1992 oral decision in the first case was denied as moot by Judge Brieant (92 Civ 6769) (CLB).[3] On December 8, 1992 I denied as moot the appellant's appeals from Judge Berk's August 7, 1992 bench decisions in the second and third cases (the underlying adversary proceedings now before me again as 93 Civ 0155 and 0156), on the ground that the orders appealed from were revoked. I indicated that appellant might file an appeal from the orders resulting from the trial on December 1, 1992. *Terio v. Terio and Hersh & Hersh, P.C.*, 92 Civ 7802, 7803 (VLB). Appellant appealed to the Court of Appeals, which dismissed his appeals.[4]

Appellant has now appealed from Judge Berk's decisions, issued as final orders in both cases on January 15, 1993,[5] dismissing these cases for failure of appellant to prosecute the adversary proceedings at the trial on December 1, 1992, and on the merits.

At the same time that he filed the appeals now before me, appellant appealed from the Bankruptcy Court's dismissal of the first case. That appeal was assigned to Judge Goettel of this court (93 Civ 0153). Judge Goettel dismissed appellant's appeal in that first case and affirmed the ruling of the court below that the revocation of the August 7, 1992 decision was within the discretion of the Bankruptcy Judge since no final order had yet been signed, and thus there was no final order from which to appeal. *Terio v. Terio and Hersh & Hersh*, 93 Civ 0153 (memorandum decision, May 3, 1993 at 3). On July 29, 1993, the Court of Appeals dismissed the appeal taken in 93 Civ 0153 by appellant as "so lack-

---

**3.** When appellant appealed Judge Berk's decision rendered at the December 1, 1992 trial, this first case was docketed as 93 Civ 0153 and assigned to Judge Goettel. The first case was docketed in the Bankruptcy Court as Adversary Proceeding 91–7042.

**4.** Adversary Proceeding 92–7028, now under review before me as 93 Civ 0155, was first appealed to this court as 92 Civ 7802. Adversary Proceeding 92–7051, presently under review as 93 Civ 0156, was first appealed as 92 Civ 7803. Appellant appealed my denial of his appeals docketed as 92 Civ 7802 and 7803; the Court of Appeals dismissed the appeals to that Court on July 26, 1993 (2d Cir, Dkt. Nos. 92–5097, 5099).

**5.** Again refusing to accept the concept that a later-revoked oral decision is not a final order, appellant filed on January 12, 1993 the appeals now before me in 93 Civ 0155 and 0156 cast as appeals from Judge Berk's bench decision following the trial held on December 1, 1992. Those were not final appealable orders, as determined in a now final ruling of Judge Goettel of this court. While it would be proper to dismiss appellant's appeals on that ground alone, I also find them lacking in merit as described below. Thus I deem those appeals to be taken from the orders of settlement issued by Judge Berk on January 15, 1993 since no prejudice to appellees has been shown, see *Richerson v. Jones*, 551 F.2d 918 (3d Cir 1977); *Eason v. Dickson*, 390 F.2d 585 (9th Cir), *cert. denied* 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373 (1968), and in the interest of expediting decision on these cases pursuant to Fed.R.Bank.P. 8019.

ing in merit as to be frivolous within the meaning of 28 U.S.C. § 1915(d)," (2d Cir, Dkt. No. 93–5044). Judge Goettel's determination is now the final decision on that issue.

The procedural developments with respect to the Bankruptcy Court's management of the two cases now before me are identical to those presented in 93 Civ 0153 (the first case). Accordingly, the issue of the effect of Judge Berk's revocation of the August 7, 1992 oral decisions has already been resolved and is not open to further adjudication by this court because appellant is collaterally estopped.

■ The doctrine of collateral estoppel has "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). The Second Circuit has established a four-part test to determine if collateral estoppel applies:

(1) the issues in both proceedings must be identical, (2) the issue in the prior proceedings must have been actually litigated and actually decided, (3) there must have been full and fair opportunity for the litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Beck v. Levering,* 947 F.2d 639, 642 (2d Cir.1991), *cert. denied sub nom Levy v. Martin,* — U.S. ——, 112 S.Ct. 1937, 118 L.Ed.2d 544 (1922), quoting *Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir. 1986), *cert. denied* 480 U.S. 948, 107 S.Ct. 1608, 94 L.Ed.2d 794 (1987); see 3 Moore, Federal Practice and Procedure § 30.05 (Supp. Jan. 1993).

■ The effect of Judge Berk's withdrawal of his August 7, 1992 oral decision on August 26, 1992 was raised on appeal in 93 Civ 0153. Appellant actually litigated that issue and had a full and fair opportunity to present it to Judge Goettel, and the issue was both actually decided and neces-

sary to his affirmation of the decision of the court below. The same considerations apply to the review of Judge Goettel's determination by the Court of Appeals, with the consequence that any further examination of the validity of Judge Berk's revocation of the August 7, 1992 bench decision by this court is precluded.

## III

■ Dismissal by the Bankruptcy Court of appellant's complaints concerning the state court judgments for failure by appellant to prosecute his case was also an issue in 93 Civ 0153. In brief, the facts pertaining to appellant's litigation of his three cases on December 1, 1992 are as follows. He refused to proceed with any of the three cases on the grounds that the Bankruptcy Judge had already decided the cases on August 7, 1992 and that the August 26, 1992 revocation order with respect to all three cases was pending on appeal to the Court of Appeals following dismissals of his appeals to the District Court. These facts, recounted in greater detail in Judge Goettel's memorandum decision issued May 3, 1993 in 93 Civ 0153 (GLG) are identical to the present companion cases and need not be repeated in full here.

Judge Goettel ruled that failure to prosecute was a proper basis for dismissal under these circumstances, and his decision affirming the Bankruptcy Court was left standing when the appeals taken by appellant in 93 Civ 0153 (GLG) were dismissed by the Court of Appeals, as noted above. Thus, as found by Judge Goettel, the Bankruptcy Court properly dismissed the adversary proceedings for failure to prosecute and will not be reconsidered here.

## IV

The Bankruptcy Court dismissed appellant's overlapping adversary proceedings on the alternative grounds that the debts were exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(2) and were non-dischargeable under 11 U.S.C. § 523(a)(5).

These issues were raised in several prior appeals to this court and ruled on directly

by Judge Goettel on another appeal, in 92 Civ 4937 (GLG), in which appellant claimed that the state court orders and judgments were wilful violations of 11 U.S.C. § 362(h) and the discharge injunction under 11 U.S.C. § 524. Judge Goettel upheld the dismissal of the complaint on the merits by the Bankruptcy Judge, see *Terio v. Terio and Hersh & Hersh, P.C.*, 92 Civ 4937 (GLG) (memorandum decision, October 22, 1992). The Court of Appeals dismissed appellant's appeals in 92 Civ 4937 on July 29, 1993, 2d Cir, Dkt. Nos. 92–5076, 5080.

Applying *Beck v. Levering*, as set forth in part II above, appellant had a full and fair opportunity to litigate these issues in the Bankruptcy Court, the District Court, and the Court of Appeals against the same parties named as defendants here. The issues were actually decided and necessary to the final judgment rendered by Judge Goettel in 92 Civ 4937, and left undisturbed by the Court of Appeals. Consequently, it has been decided with finality in this court that these debts were non-dischargeable under the Bankruptcy Code and exempt from the automatic stay and that no violation of 11 U.S.C. §§ 362 or 524 resulted, wilful or otherwise.[6]

### V

Appellant asserts in the complaint in 93 Civ 0155 that the debts involving $18,770 in attorney's fees and $4,500 for maintenance arrears and related attorney's fees are void under 18 U.S.C. § 152 because of alleged false submissions by his adversary, and he also seeks to recover the costs of litigating this issue. In his brief on these appeals, he refers to:

... the participation of Hersh & Hersh, P.C. by Philip Hersh, Esq. on behalf of Violet Terio, in the hearing in State Supreme Court on January 7, 1991, they conspired among themselves to falsely and fraudulently and with intent to defraud Debtor/Vincent R. Terio by obtaining a money judgement [sic] in the sum of $18,700, by means of false and fraudulent pretenses, and perjury by the filing of a "false claim" by said judgment entered in the Putnam County Clerk's Office ...

Statutes penalizing those who make false statements in or relating to federal litigation are specifically provided as part of a network of criminal statutes set forth in Title 18 of the United States Code to give United States Attorneys means by which to prosecute and to deter fraudulent conduct intended to frustrate the proper implementation of federal laws. Ample civil remedies already invoked by appellant are available to rectify erroneous arguments made in connection with matters affecting bankruptcies.

The bankruptcy fraud provisions of 18 U.S.C. § 152 prohibit, among other things, the concealment of assets and false oaths and claims in, or in relation to, any case under Title 11, the Bankruptcy Code. The statute authorizes fines or imprisonment, penalties enforceable through prosecution by the United States Attorney.[7]

There is no specific provision under 18 U.S.C. § 152 for private civil damage suits or injunctive relief, and I do not find any cases suggesting that a private right to sue—as distinct from a defense where applicable or an argument in an otherwise pending case asserting unenforceability of an invalid act or document—may or should be implied for a debtor in an adversary proceeding under the Bankruptcy Code

---

6. Appellant has moved for "Disposition Pursuant to Rule 12(d) F.R.C.P." with respect to an order I issued on May 28, 1993 seeking additional factual information relating to the basis of the disputed fees in the appeals now before me.

Since that time, as noted in Part I above, I have learned of the authoritative resolution of the issue of the attorney's fees and their validity in 92 Civ 4937. A final decision having been rendered on the issue on which my inquiry was based, I deny the motion as moot.

7. Appellant recently notified the court in connection with a newly filed civil complaint, *Terio v. Terio and Hersh & Hersh, P.C., by Philip Hersh*, 93 Civ 4378 (VLB), that he has now brought the allegations raised here to the attention of the Federal Bureau of Investigation and the United States Attorney. Consequently I forward a copy of this memorandum order to the United States Attorney and to the Federal Bureau of Investigation for their information.

based on 18 U.S.C. § 152. See *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975).

The Bankruptcy Code does not lend itself to ready inference of remedies not already written into its intricate and highly reticulated statutory scheme. The historic purpose of criminal statutory provisions prohibiting the making of false statements is to prevent the use of falsehoods in or affecting federal litigation. But there is no basis for inferring that 18 U.S.C. § 152 authorizes—or the Bankruptcy Code would permit—a debtor to supplement the comprehensive and detailed civil remedies already available through the Code by asserting such claims as a separate basis for seeking relief in an adversary proceeding.

Even if—I do not consider this a realistic possibility—a private right of action could be inferred under 18 U.S.C. § 152, a deeper error is involved in the contention made by appellant with respect to the alleged making of false claims while appellant's bankruptcy petition was pending and after he was discharged. There was no bankruptcy stay, and in any event no action having any measurable impact on the debtor occurred until after the debtor's discharge.

In addition, appellant has been able fully to litigate in the Bankruptcy Court the entire matter of the debts at issue and their dischargeability, and to appeal with respect to the matter to the highest court in this circuit. Thus he has not been deprived of the opportunity to challenge the possible legal consequences of the appellee attorney's initial procedural errors.

The expectation that all infractions necessarily must have some adverse consequences for the party committing the error is no more true in law than in everyday life. If no one is harmed, the events fall into the category of harmless error, which does not affect substantive rights. This concept, which accords with traditional legal principles, is recognized in the Bankruptcy Code, see Fed.R.Bankr.P. 9005, a counterpart of the more general provision for harmless error in Fed.R.Civ.P. 61.

Where there is a departure from legal norms, some harm must be caused in order to obtain relief. If someone has been improperly injured, a remedy is almost certainly provided somewhere in the complexity of our legal system. Appellant has sought to establish injury but has lost on the merits and the rulings against him have been affirmed. He now seeks to invoke other legal concepts to pursue the same underlying quarrel.

Appellant has come to the end of the road with respect to the non-dischargeability of the debts at issue. Litigation must have an end at some point, and appellant has reached that juncture in his efforts to undo the state court judgments in favor of his former spouse and her attorneys. This issue has been squarely ruled upon by the Bankruptcy Court, Judge Goettel of this court, and the Court of Appeals. This fourth bite at the apple is inappropriate.

The Bankruptcy Judge properly ruled that appellant has failed to state a claim in 93 Civ 0155 or 93 Civ 0156 upon which relief can be granted.

## VI

■ Appellant also argues that he has been deprived of due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. He alleges that the Bankruptcy Judge did not make sufficient efforts with respect to finding appointed counsel subsequent to the Bankruptcy Judge's transmittal of the debtor's application for counsel to the Office of the United States Trustee on August 8, 1991 with the comment that "it appears that appointment from the *pro bono* panel may be warranted based on the debtor's application."

The issue of *pro bono* representation in connection with his bankruptcy petition was fully litigated by appellant in an adversary proceeding in the Bankruptcy Court in which appellant lodged a complaint against the United States Trustee for not succeeding in finding counsel. Judge Berk's dismissal of the complaint was affirmed on appeal to this court in *Terio v. Harold Jones, United States Trustee and Counsel*

*Panel Administrator*, 92 Civ 5800 (GLG) (memorandum decision, October 29, 1992) (appellant's pursuit of appointment of counsel is frivolous). An appeal to the Court of Appeals from Judge Goettel's decision was dismissed on July 29, 1993 (2d Cir, Dkt. No. 92–5083).

The likelihood that appellant could present a substantial claim in these cases was slim at best. Furthermore, as Judge Goettel's memorandum decision in 92 Civ 5800 indicated, considerable time had already been allotted by the Bankruptcy Judge to enable appellant to seek counsel in his bankruptcy-related cases. Looking at the totality of the circumstances surrounding the cases now before me, I find that the Bankruptcy Judge properly exercised his discretion in determining that additional delay of the proceedings to await appointed counsel was unwarranted.

### VII

■ Appellant seeks sanctions against opposing counsel in connection with both appeals now before me under Local Rule 4(k), which permits courts to deal with or refer to disciplinary committees misconduct in the course of a case. Appellant appears to be claiming as improper professional conduct appellee counsel's (1) statements in and participation in the State Supreme Court hearing on January 7, 1991, as well as statements made to the Bankruptcy Court on March 27, 1991 relating to that state court proceeding, and (2) failure to vacate the state court judgments at issue. I deny the application.

The trial, not the appellate stage, is the proper forum for initial applications of most kinds in litigation. That would be sufficient grounds for me to decline to grant the relief requested. I do not, however, rest my denial on that ground alone.

Where an attorney makes an argument—even if it is wrong, which has not been established here—that does not constitute misconduct of the type which would trigger action under Local Rule 4(k). To hold otherwise would have an undesirable and inappropriate chilling effect on the ability of counsel to make creative and ground-breaking arguments relating to procedural or substantive matters.

In rare situations, not presented here, an injunction barring a party from taking action in another tribunal may be permitted (28 U.S.C. § 2283). There is no basis for such action here for several reasons, one of which is clearly dispositive: no ongoing events potentially violative of any federal decision, order or provision are involved.

In making these comments, I do not undertake to define what the rule covers, but merely to indicate that it does not deal with the type of behavior complained of here.

■ Use of Local Rule 4(k) by an adversary to go beyond seeking a favorable ruling, and to seek to penalize opposing counsel, would tend to enhance litigiousness contrary to the objectives of Fed.R.Civ.P. 1. Local Rule 4(k) is at least primarily addressed to the court itself, and does not expressly or implicitly authorize motion practice by litigants.

To permit use of legal ethics or disciplinary complaints as an adjunct to ongoing litigation would disrupt the litigation process, create motives for inappropriate disciplinary complaints, and lead to side controversies not conducive to the administration of justice. Such action may itself violate legal ethics, but appellant is not an attorney subject to the restraints which he wishes to invoke against opposing counsel.

### VIII

Judge Goettel in 93 Civ 0153 barred appellant "from commencing any further appeal to this court whose underlying aim is to challenge the state court award of attorney's fees."

I trust that appellant recognizes that that directive is in full force and effect and that violation of it may have serious consequences. That directive applies as well to any new complaints sought to be filed in this court. The issue of the propriety of the two awards in the state court has been

914

fully litigated. It is not to be raised in this
court again.

**SO ORDERED.**