**Haywood CLAYTON and Sylvia Clayton, Plaintiffs,**

v.

**RALEIGH FEDERAL SAVINGS BANK, Defendant.**

**No. 1:95CV00695.**

United States District Court, M.D. North Carolina, Durham Division.

April 12, 1996.

Quang Ngoc Nguyen, Hillsborough, NC, for Haywood Clayton and Sylvia Clayton.

William Carr Smith, Jr., Manning, Fulton & Skinner, Raleigh, NC, for Raleigh Federal Savings Bank.

## *MEMORANDUM ORDER*

SHARP, United States Magistrate Judge.

Plaintiffs Haywood Clayton and Sylvia Clayton filed this civil action on September 29, 1995, alleging that Defendant Raleigh Federal Savings Bank ("Raleigh Federal") violated a federal criminal statute, 18 U.S.C. § 152(4), by filing false claims in bankruptcy proceedings relating to the Claytons. Plaintiffs alleged that Raleigh Federal wrongfully

overstated and obscured the amount of a deficiency owed to it on a loan secured by Plaintiffs' residence in proofs of claim filed during multiple bankruptcy proceedings in the Middle District of North Carolina. The Claytons did not deny that they were in default on the loan. All bankruptcy proceedings had been voluntarily dismissed by the Claytons at the time of the filing of the complaint.

In July of this year, Plaintiffs filed an action in state court (95 CvS 987 in Orange County) seeking to enjoin a foreclosure sale of their residence by Raleigh Federal. Upon a full hearing on the matter, a state court judge denied a preliminary injunction request, and Plaintiffs then dismissed the action. Shortly thereafter, Plaintiffs filed this action in federal court.

On November 15, Raleigh Federal filed a motion to dismiss for (1) Plaintiffs' failure to state a claim and (2) lack of subject matter jurisdiction in this court. Plaintiffs responded in opposition. On December 4, Plaintiffs filed a request for a preliminary injunction to prevent an impending foreclosure. The court denied the motion for preliminary injunction by Order of December 8, 1995. After this denial, Haywood Clayton filed another bankruptcy petition.

On February 13, 1996, after notice of oral argument on the motion to dismiss, Plaintiffs filed an Amended Complaint. In the Amended Complaint, the Claytons added three causes of action, two of which are state-law claims. The newly added federal claim is based on 12 U.S.C. § 2609. Raleigh Federal moved to dismiss this claim and the entire action, and the parties have briefed their positions. Thereafter, on March 18, Plaintiffs filed a motion requesting leave to amend to add another claim, alleging violation by Defendant of 12 U.S.C. § 2605.

This matter comes before the court for a ruling on Raleigh Federal's motion to dismiss all claims.[1] The court heard the oral argument of the parties on February 15, 1996, with respect to Plaintiffs' first cause of action. Having considered the briefs and argument of the parties, the court now directs, for reasons set forth below, that Raleigh Federal's motion to dismiss be granted in full. The court will deny Plaintiffs' motion to further amend the complaint in this action.

*Discussion*

■ Under Plaintiffs' Amended Complaint, the first claim maintained is alleged violation by Raleigh Federal of 18 U.S.C. § 152(4), a criminal statute. Raleigh Federal contends that no express or implied private right of action arises under the statute, and therefore this court lacks jurisdiction since no federal claim can be stated and Plaintiffs' complaint is fatally deficient for failing to state a claim upon which relief can be granted.

Neither the parties nor the court have found any authority providing that a private right of action arises under 18 U.S.C. § 152(4). The sole pertinent authority holds squarely to the contrary. In *In re Terio*, 158 B.R. 907 (S.D.N.Y.1993), *aff'd* 23 F.3d 397 (2d Cir.1994), the district court rejected the contention that a private cause of action could arise under 18 U.S.C. § 152(4), and wrote:

> There is no specific provision under 18 U.S.C. § 152 for private civil damage suits or injunctive relief, and I do not find any cases suggesting that a private right to sue—as distinct from a defense where applicable or an argument in an otherwise pending case asserting unenforceability of an invalid act or document—may or should be implied for a debtor in an adversary proceeding under the Bankruptcy Code based on 18 U.S.C. § 152. *See Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975).

> The Bankruptcy Code does not lend itself to ready inference of remedies not already written into its intricate and highly reticulated statutory scheme. The historic purpose of criminal statutory provisions prohibiting the making of false statements is to prevent the use of falsehoods in or

---

1. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

affecting federal litigation. But there is no basis for inferring that 18 U.S.C. § 152 authorizes—or the Bankruptcy Code would permit—a debtor to supplement the comprehensive and detailed civil remedies already available through the Code by asserting such claims as a separate basis for seeking relief in an adversary proceeding.

. . . .

The Bankruptcy Judge properly ruled that appellant has failed to state a claim in 93 Civ. 0155 or 93 Civ. 0156 upon which relief can be granted.

*Id.* at 911–12.

■ Plaintiffs argue that a private right of action should be implied from 18 U.S.C. § 152(4). Plaintiffs point to the four-part test of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), for determining whether a private right of action may arise from a statute. Under *Cort v. Ash,* the four factors for consideration include: (1) whether the plaintiff belongs to the class for whose special benefit the statute was enacted, (2) whether explicit or implicit legislative intent to create such a remedy can be found, (3) whether a private right of action is consistent with the underlying purposes of the legislative scheme, and (4) whether a cause of action is not one traditionally relegated to state law.

Applying the *Cort v. Ash* test, the court finds, as did the court in *In re Terio,* that no private right of action arises from the criminal statute in question. There is no suggestion of a legislative intent to create a private right. The legislative history of 18 U.S.C. § 152 indicates that the provision prohibiting false proofs of claims was enacted to do away with the previous requirement that proofs of claim be filed under oath. *See* S.R.Doc. No. 1477, *reprinted in* 1960 U.S.Code Cong. & Admin.News, 2396–2400. The previous oath requirement was found to be burdensome and expensive to creditors. Hence, in order to eliminate the burden and expense of the oath requirement, yet maintain the presumption of validity the proof of claim has always been afforded, Congress made it a crime to file a false proof of claim. *Id.*

Additionally, implication of a private right of action would not be consistent with the overall legislative scheme with respect to bankruptcy proceedings. As the district court in *In re Terio* observed, the Bankruptcy Code is a highly intricate and reticulated statutory scheme that does not easily lend itself to the creation of new rights and remedies on the part of private parties. The Code creates extensive rights readily available to litigants, and there is no reason to believe that additional rights should be created where none are expressed or clearly implied. Thus, the teachings of *Cort v. Ash* do not support creation of a private right of action under 18 U.S.C. § 152(4).

■ Plaintiffs' second claim in the Amended Complaint is based on 12 U.S.C. § 2609. Two circuit courts that have addressed the question have found that no private right of action is created by 12 U.S.C. § 2609. *See State of Louisiana v. Litton Mortgage Co.,* 50 F.3d 1298, 1301–02 (5th Cir.1995); *Allison v. Liberty Savings,* 695 F.2d 1086, 1088–89 (7th Cir.1982). The 6th Circuit observed, in a footnote in a 1980 case, that such a right of action did arise. *See Vega v. First Federal Savings & Loan Assoc. of Detroit,* 622 F.2d 918, 925 n. 8 (6th Cir.1980). Several district courts have found no private action to exist. *Campbell v. Machias Sav. Bank,* 865 F.Supp. 26, 31 (D.Me.1994); *Michels v. Resolution Trust Corp.,* 1994 WL 242162 (D.Minn.1994); *Bloom v. Martin,* 865 F.Supp. 1377, 1384–85 (N.D.Cal.1994); and *Bergkamp v. New York Guardian Mortgagee Corp.,* 667 F.Supp. 719, 723 (D.Mont.1987), *affirmed,* 77 F.3d 318 (9th Cir.1996). On review, this court finds that the opinions of the 7th and 5th Circuits are clearly more persuasive and better reasoned than the brief treatment afforded by the 6th Circuit (reaching a result that has not been followed by other courts), and therefore Plaintiffs' purported federal claim under 12 U.S.C. § 2609 must be dismissed.

■ In *Litton Mortgage,* decided one year ago, the Fifth Circuit reviewed the reasons why no private cause of action is created by 12 U.S.C. § 2609. Under the *Cort v. Ash* test, the most important of the four factors is whether Congress intended to create a private remedy. As the *Allison* court had earlier observed, other parts of the Real Estate

Settlement Procedures Act ("RESPA") do provide for private remedies, but Section 10 (12 U.S.C. 2609[a]) does not, and there is a dearth of legislative history indicating that a private right of action was intended. There is no reasoned basis for finding a legislative intent to create a private remedy. Indeed, the 6th Circuit in *Vega* did not articulate a full basis for its decision, but simply stated in a footnote, "we believe, based on the legislative history, that Congress intended to create a private remedy for violations of the Act." 622 F.2d at 925, n. 8. The incomplete analysis provided in *Vega* has not persuaded other courts, and it is clear that the reasoning set out in *Allison* and *Litton Mortgage* carries by far the greater weight.

For reasons set forth above, the court concludes that Plaintiffs cannot state a federal claim pursuant to 12 U.S.C. § 2609. The state law claims in the Amended Complaint will be dismissed since at this early stage of litigation it is determined that Plaintiffs have stated no federal cause of action.

Accordingly, **IT IS ORDERED** that the First and Second Claims of the Amended Complaint are **DISMISSED WITH PREJUDICE,** and the Third and Fourth Claims are **DISMISSED WITHOUT PREJUDICE. IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to amend their complaint for a second time is denied. Plaintiffs previously amended their complaint (by right) on the eve of oral argument on Defendant's Rule 12(b)(6) motion. They now seek leave to amend once more immediately before the court rules on the renewed and fully briefed 12(b)(6) motion. These actions take place within a context that clearly suggests that Plaintiffs (and/or their counsel) are attempting to file actions against Defendant in state and federal court, even claims without firm legal basis, for the purpose of forestalling a foreclosure by Defendant on Plaintiffs' residence. By this order, Plaintiffs and Plaintiffs' counsel are advised that any renewed action in this court will be subject to full Rule 11 scrutiny. The litigation process is not to be abused through the filing of actions that do not have a reasonable basis in law and fact. A Judgment dismissing this action will be entered contemporaneously with this Memorandum Order.

### JUDGMENT

For the reasons set forth in the Memorandum Order filed contemporaneously with this Judgment,

**IT IS HEREBY ORDERED AND ADJUDGED** that this action be, and the same hereby is dismissed.[1]

---

1. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).