### In re John W. WOOD, Jr., and Magdalena Wood, Debtors.

### John W. Wood, Jr., Plaintiff,

### v.

### United States of America, Defendant.

**Bankruptcy No. 94–31415–BKC–PGH. Adversary No. 04–3267BKC–PGH–A.**

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

March 2, 2006.

Frank R. Brady, Boca Raton, FL, for debtors.

## AMENDED ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

PAUL G. HYMAN, Bankruptcy Judge.

**THIS MATTER** came before the Court upon the United States of America's (the "United States") Motion to Dismiss Second Amended Complaint (the "Motion") filed on behalf of the Internal Revenue Service (the "IRS") and John W. Wood, Jr.'s ("Debtor" or "Plaintiff") Response thereto (the "Response"). On August 29, 2005, Debtor filed a Second Amended Complaint (the "Second Amended Complaint") against the United States, seeking a judgment finding that the IRS's postpetition efforts to collect Debtor's prepetition tax deficiencies violated the Court's Order Confirming Chapter 11 Plan (the "Confirmation Order"). In the Second Amended Complaint, Debtor seeks actual and punitive damages against the IRS for violating the Confirmation Order. Debtor also seeks sanctions and criminal punishment against the IRS under 18 U.S.C. § 152 and 18 U.S.C. § 3571 for filing an alleged false proof of claim. The Court, having considered the Motion, the Second Amended Complaint, the Response, applicable law and being otherwise fully advised in the premises, hereby **GRANTS** the Motion.

## BACKGROUND

Debtor and his wife filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 29, 1994. The IRS was not listed on Debtor's schedules but received notice of the filing of Debtor's voluntary petition. On September 15, 1994, the IRS filed a proof of claim (the "Proof of Claim") for unpaid 1992 income taxes in the amount of $22,589.54, of which $20,389.54 was classified as an unsecured priority claim and $2,200.00 was classified as an unsecured nonpriority claim.

Debtor's Chapter 11 Plan (the "Plan") provided that unsecured claims of less than $90,000.00 would be paid in full from the proceeds of the sale of Debtor's real property. The Plan provided that the claims in the class of unsecured claims of less than $90,000.00 would receive ade-

quate protection by means of monthly installment payments until the sale of the Debtor's real property, at which time the remainder of the claims would be paid in full. Neither the Plan, Debtor's schedules, nor Debtor's Amended Disclosure Statement specifically mentioned any outstanding tax claims or individualized treatment of tax claims.

The Plan was confirmed on February 6, 1995, by the Confirmation Order which contained a general discharge of Debtor's prepetition nonexcepted debts. The discharge provision of the Confirmation Order provided that "except as provided in the Plan, the individual Debtors are discharged from any debt that arose before the date of confirmation of the Plan, except any debts excepted from discharge under § 523 of the Bankruptcy Code, and except if the Debtors would be denied a discharge under § 727(a) . . ." Pursuant to the Plan, the Court retained jurisdiction of the case until all payments and distributions called for under the Plan had been made. On May 18, 1995, the Court issued a final decree and closed the case. Debtor asserts that all payments under the Plan were made and that the Plan was completed on May 17, 2000.

On May 14, 2004, Debtor and his wife filed a Motion to Reopen (the "Motion to Reopen") their Chapter 11 case to resolve two issues unrelated to the present adversary proceeding. On August 10, 2004, the Court granted the Motion to Reopen so that Debtor could file adversary proceedings addressing those issues. On September 14, 2004, Debtor and his wife filed a Motion for Additional Adversary Complaint (the "Motion for Additional Complaint") to resolve the present tax controversy. The Court granted the Motion for Additional Complaint on October 12, 2004, and the Debtor filed his Complaint (the "Complaint") on October 19, 2004.

On November 29, 2004, the United States filed a Motion to Dismiss the Complaint based upon Debtor's failure to serve the United States Attorney for the Southern District of Florida in accordance with Bankruptcy Rule 7004. Debtor cured the improper service and subsequently filed a three count complaint (the "Second Complaint") on December 27, 2004.

In the Second Complaint, Debtor sought, *inter alia,* a judgment declaring that his tax obligations to the IRS were discharged on February 6, 1995 by the Confirmation Order. Debtor also sought compensatory and punitive damages against the IRS for alleged violations of the automatic stay. In response to the Second Complaint, the United States filed a Second Motion to Dismiss on February 17, 2005.

On June 6, 2005, the Court issued an Order Granting the Second Motion to Dismiss (the "Order"), which dismissed Count I without prejudice and Counts II and III with prejudice. In the Order, the Court held that pursuant to 11 U.S.C. § 362(c)(2)(c) the automatic stay was lifted in Debtor's case on February 6, 1995, through the Confirmation Order. As a result, the Court found that the IRS was free to move against Debtor for his postpetition tax deficiencies after the case was closed. The Court also determined that, pursuant to the version of § 362(b)(9) in effect at the time Debtor filed his petition, the IRS's sending notices apprising Debtor of a tax examination change, tax audits, tax liens, and performing audits for the 1994, 1995, and 1996 tax years were actions to determine the extent of its claims against Debtor and did not violate the automatic stay. Additionally, the Court concluded that Debtor's prepetition debts for 1991, 1992 and 1993 income tax deficiencies were excepted from discharge under 11 U.S.C. § 523(a)(1)(A) and 11 U.S.C.

808

§ 507(a)(8)(A)(i). Pursuant to the Order, Debtor had ten days in which to file an amended complaint.

In accordance with the Order, Debtor filed an Amended Complaint on June 24, 2005. During a subsequent hearing, the United States informed the Court that the substantive content of the Amended Complaint was nearly identical to the Second Complaint that was dismissed in the Order. As a result, the Court instructed Debtor to file another amended complaint. On August 29, 2005, Debtor filed the Second Amended Complaint.

In the Second Amended Complaint, Debtor alleges that the IRS violated 11 U.S.C. §§ 362, 505, and 525 by engaging in postpetition collection activities regarding Debtor's prepetition tax liabilities. Relying upon the Court's retention of jurisdiction provided for in Article VI of the Plan, Debtor contends that the automatic stay was extended until the alleged consummation of the Plan on May 17, 2000. Debtor also asserts that the Confirmation Order has the effect of a judgment and res judicata principles bar relitigation of Debtor's outstanding tax liabilities under 11 U.S.C. § 1141. Finally, Debtor alleges that the Proof of Claim was fraudulent.

In Count I of the Second Amended Complaint, Debtor alleges that the Deerfield Office of the IRS conducted an unlawful tax audit from September 27, 1994 to November 3, 1994 for outstanding taxes from 1991, 1992 and 1993. Debtor further alleges that the Deerfield Office of the IRS improperly issued a notice of deficiency on November 27, 1995, forced Debtor into the United States Tax Court on January 27, 1997 to litigate Debtor's 1991, 1992 and 1993 tax liabilities (the "1997 Tax Court Proceeding"), and issued a charged account letter on September 22, 1997. Debtor also claims that the Atlanta Office of the IRS wrongfully issued a notice of charge

for a debt of $9,689.18 on September 22, 1997, filed an intent to levy on October 2, 1997 and issued a federal tax lien on October 23, 1997. In Count II, Debtor seeks actual and punitive damages under § 362(h) based upon the IRS's improper postpetition collection attempts.

In his general allegations and in Count I, Debtor also alleges that the Proof of Claim was fraudulent. In paragraph 26 of the Second Amended Complaint, Debtor asserts that the Proof of Claim was fraudulent because (1) the IRS failed to attach supporting documents to the Proof of Claim; (2) the office filing the Proof of Claim could not identify the signer and claimed that there were no Debtor records located in that office; and (3) the IRS inappropriately initiated an audit fourteen days after filing the Proof of Claim. In further support of Debtor's fraudulent proof of claim allegation, in Count I, paragraph 37, Debtor claims that the IRS sent a letter to Debtor (the "Letter"), acknowledging that the Proof of Claim was a proposed audit assessment and not a valid proof of claim. Debtor asserts that in the Letter, the IRS acknowledged that Debtor owed $5,562.00 for unpaid 1992 income taxes, not $22,389.54 as indicated in the Proof of Claim. Consequently, Debtor seeks sanctions and criminal punishment against the IRS under 18 U.S.C. § 152 and 18 U.S.C. § 3571 for filing an alleged false proof of claim.

In his prayer for relief, Debtor seeks a judgment voiding the IRS's actions during Debtor's case and voiding the IRS's claims against Debtor. Debtor also requests that the Court find that the Tax Court lacked jurisdiction over Debtor and void all judgments entered outside this Court. Finally, Debtor seeks actual damages of $10,424.00 plus interest at 11% for tax refunds seized by the IRS, compensatory damages to curtail future IRS violations, and sanctions

against the IRS for filing a false proof of claim.

In the Motion, the United States argues that § 505 provides Debtor with an optional not a mandatory forum to determine the extent of his tax liability and does not divest the IRS of the ability to conduct tax audits. The United States also contends that the audits, assessments, and seizures of Debtor's tax refunds do not violate the automatic stay. Finally, the United States claims that the IRS's attempts to collect on Debtor's prepetition tax liabilities do not violate the discharge injunction and those debts survive the bankruptcy because Debtor's prepetition tax liabilities are nondischargeable debts. Therefore, the United States concludes that the Second Amended Complaint should be dismissed.

### CONCLUSIONS OF LAW

A defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, should be granted when "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Welt v. Leshin (In re Warmus)*, 252 B.R. 584, 588 (Bankr.S.D.Fla. 2000), *aff'd*, 276 B.R. 688 (S.D.Fla.2002) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In making this determination, the court must "take all the allegations in the complaint as true, and view the complaint in the light most favorable to the plaintiff." *Martinez v. American Airlines, Inc.*, 74 F.3d 247, 248 (11th Cir.1996). The Court's task in ruling on a motion to dismiss is not to determine whether the plaintiff is likely to prevail on the merits of the complaint, "but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." *Phelps v. Kapnolas*, 308 F.3d 180, 184–85 (2d Cir.2002) (*quoting Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998)).

**A. The Automatic Stay did not remain in effect until Consummation of the Plan and the IRS's Postpetition Collection Efforts did not Violate 11 U.S.C. § 362**

In the Second Amended Complaint, Debtor claims that the IRS violated 11 U.S.C. § 362 by engaging in postpetition collection activities regarding Debtor's prepetition tax liabilities. Debtor also asserts that the Court's retention of jurisdiction within the Plan extended the automatic stay until the alleged consummation of the Plan on May 17, 2000. In the Motion, the United States counters that the Court previously determined in the Order that the IRS's postpetition collection activities did not violate the automatic stay and that the automatic stay was lifted on February 6, 1995.

In the Order, the Court found that under 11 U.S.C. § 362(c)(2)[1] the automatic stay was lifted in this case on February 6, 1995, when the Confirmation Order was entered and Debtor received his discharge. In his argument that the automatic stay continued until the alleged consummation of the Plan, Debtor cites the Court's retention of jurisdiction in Article VI of the Plan, which provides in pertinent part that:

---

1. Section 362(c)(2) provides that:
 (2) the stay of any other act under subsection (a) of this section continues until the earliest of–
 (A) the time the case is closed;
 (B) the time the case is dismissed; or
 (C) if the case is a case ... under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.
 11 U.S.C. § 362(c)(2).

The Court shall retain jurisdiction of this case after Confirmation until all payments and distributions called for under the Plan have been made and until the Consummation of the Plan, in respect of the following:

A. To enable any party in interest to consummate any and all proceedings that it may bring prior to confirmation of the Plan;

B. to hear and determine all claims, including claims arising from the rejection of any executory contract or unexpired lease and any objections which may be made thereto;

C. to liquidate or estimate damages or determine the manner and time for such liquidation or estimation in connection with any contingent or unliquidated claim;

D. to adjudicate all claims to any lien on any property of the Debtor or any proceeds thereof;

E. to adjudicate all claims or controversies arising during the pendency of this Chapter 11 case;

F. to allow or disallow any claim; and

G. to make such order(s) as are necessary or appropriate to carry out the provisions of this Plan.

While the Court retained limited jurisdiction until the consummation of the Plan, there is no provision within the retention of jurisdiction indicating that the automatic stay was extended until consummation of the Plan. Accordingly, the Court is unpersuaded by Debtor's argument that the retention of jurisdiction extended the automatic stay and holds that the automatic stay was lifted on February 6, 1995 pursuant to 11 U.S.C. § 362(c)(2).

Debtor also asserts that the IRS violated the automatic stay by auditing his 1991, 1992, and 1993 tax returns from September 27, 1994 to November 3, 1994, issuing a notice of tax deficiency on November 27, 1995, issuing a notice of charge for a debt on September 22, 1997, filing an intent to levy on October 2, 1997, issuing a federal tax lien on October 23, 1997 and initiating the 1997 Tax Court Proceeding. As previously held in the Order, the Court finds that under 11 U.S.C. § 362(b)(9) postpetition tax audits and assessments do not violate the automatic stay. Furthermore, the November 27, 1995 notice of tax deficiency, the September 22, 1997 notice of charge for a debt, the October 2, 1997 intent to levy, the October 23, 1997 issuance of a federal tax lien and the 1997 Tax Court Proceeding all occurred after the automatic stay was lifted on February 6, 1995. Accordingly, the Court finds that the IRS's postpetition collection efforts did not violate the automatic stay and those allegations are dismissed with prejudice.

**B. The IRS's Postpetition Collection Efforts did not violate the Discharge Injunction of 11 U.S.C. § 524**

In the Second Amended Complaint, Debtor also asserts that the IRS's postpetition efforts to collect on Debtor's prepetition tax liabilities violated the discharge injunction of 11 U.S.C. § 524. In the Motion, the IRS counters that Debtor's prepetition tax liabilities are nondischargeable debts that survive bankruptcy, regardless of whether the IRS filed a proof of claim for those liabilities. Accordingly, the IRS argues that its postpetition efforts to collect nondischargeable debts do not violate the discharge injunction.

Section 524 of the Bankruptcy Code provides that a discharge in bankruptcy acts as an injunction against the commencement or continuation of an action to collect a discharged debt as a personal liability of the debtor. 11 U.S.C. § 524(a)(2). In the Order, the Court previously determined that Debtor's prepeti-

tion debts for 1991, 1992, and 1993 income tax deficiencies were explicitly excepted from discharge under 11 U.S.C. § 523(a)(1)(A) and § 507(a)(8)(A)(i). Consequently, since Debtor's prepetition obligations to the IRS were not discharged, the discharge injunction of § 524 does not apply to those debts. Accordingly, Debtor's allegations that the IRS violated the discharge injunction are dismissed with prejudice.

## C. The IRS's Postpetition Collection Efforts did not violate the Jurisdiction of the Court under 11 U.S.C. § 505(a)

In the Second Amended Complaint, Debtor further argues that the IRS's postpetition collection efforts violated the jurisdiction of the Court under 11 U.S.C. § 505(a). In the Motion, the United States counters that Debtor has misconstrued the purpose of § 505(a). The United States argues that § 505(a) provides debtors with an optional forum to determine the extent of their tax liabilities but does not prohibit the IRS from conducting audits postpetition.

■ Section 505 of the Bankruptcy Code provides that "the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal ...." 11 U.S.C. § 505(a)(1). However, the exercise of such authority is within the discretion of, rather than mandatory on, the Court. *See, e.g., In re Queen,* 148 B.R. 256 (S.D.W.Va. 1992), *aff'd,* 16 F.3d 411, (4th Cir.1994); *In re Kaufman,* 115 B.R. 378 (Bankr.S.D.Fla. 1990). Essentially, the Bankruptcy Court is authorized to determine whether the debtor's tax liability should be decided in the Bankruptcy Court or the Tax Court. S. Rept. No. 96–1035, at 47.

■ While it is clear that the Bankruptcy Court has discretionary jurisdiction to determine a debtor's tax liability, there is no authority that § 505(a) prohibits the IRS from conducting audits postpetition. As discussed above, under § 362(b)(9) postpetition audits and assessments do not violate the automatic stay. Therefore, the Court finds that the alleged audit conducted from September 27, 1994 through November 3, 1994 did not violate the jurisdiction of the Court under 11 U.S.C. § 505(a). Additionally, the remaining IRS actions that Debtor contests occurred post-confirmation, after the automatic stay was lifted and after the discharge was entered. As previously stated, Debtor's prepetition tax liabilities were nondischargeable and courts have held that nondischargeable liabilities may be sought by the IRS post-confirmation. *See, e.g., In re Gurwitch,* 794 F.2d 584, 585 (11th Cir.1986); *In re Sage,* No. 01–3288, 2002 WL 221099, at *4 (D.N.J. Jan.23, 2002). Thus, the Court finds that the IRS's collection efforts that occurred post-confirmation did not violate the jurisdiction of the Court under 11 U.S.C. § 505(a). Based on the foregoing, the Court dismisses with prejudice Debtor's allegations that the IRS's postpetition collection efforts violated the jurisdiction of the Court under 11 U.S.C. § 505(a).

## D. The Confirmation Order does not Bar the IRS's Collection Activities under Principles of Res Judicata

Debtor also alleges that the Confirmation Order has the effect of a judgment and res judicata principles bar relitigation of Debtor's outstanding tax liabilities under 11 U.S.C. § 1141.

■ The Bankruptcy Code makes clear under 11 U.S.C. § 1141(d)(2) that the confirmation of a plan of reorganization

does not fix tax liabilities made nondischargeable under 11 U.S.C. § 523. *In re Gurwitch*, 794 F.2d at 585 (concluding that confirmation of a debtor's chapter 11 plan does not bar the IRS from collecting a debtor's nondischargeable tax liabilities by reasons of res judicata). The IRS is permitted to recover a debtor's nondischargeable tax liabilities after the confirmation of the debtor's chapter 11 plan. *In re Sage*, No. 01–3288, 2002 WL 221099, at *6.

▮▮▮ In this case, the Court held in the Order that Debtor's 1991, 1992 and 1993 tax liabilities were nondischargeable under 11 U.S.C. § 523(a)(1)(A) and § 507(a)(8)(A)(i). The Court concludes that the IRS is permitted to collect Debtor's 1991, 1992, and 1993 tax liabilities post-confirmation and is not barred by res judicata principles. Therefore, the Court dismisses with prejudice Debtor's allegations that res judicata principles bar the IRS from collecting Debtor's prepetition tax liabilities.

## E. The Court is Without Jurisdiction to Decide Debtor's Fraudulent Proof of Claim Allegations Against the IRS

Finally, Debtor alleges that the Proof of Claim filed by the IRS was fraudulent and seeks sanctions and punishment against the IRS under 18 U.S.C. § 152 and 18 U.S.C. § 3571. Debtor claims that the Proof of Claim was fraudulent because (1) the IRS failed to attach supporting documents to the Proof of Claim; (2) the office filing the Proof of Claim could not identify the signer and claimed that there were no Debtor records located in that office; and (3) the IRS inappropriately initiated an audit fourteen days after filing the Proof of Claim. In further support of his fraudulent proof of claim allegation, Debtor asserts that in the Letter the IRS acknowledged that Debtor owed

$5,562.00 for unpaid 1992 income taxes not $22,389.54, as indicated in the Proof of Claim.

▮▮▮ 18 U.S.C. § 152 establishes criminal penalties for bankruptcy crimes, which are subject to prosecution before the District Court, not the Bankruptcy Court. The Bankruptcy Court's authority extends to civil matters only. Under 18 U.S.C. § 152, it is a federal crime to file a false or fraudulent claim in a bankruptcy case. 18 U.S.C. § 152(4). Section 152 provides for a fine, for imprisonment of up to five years, or both for a violation. 18 U.S.C. § 152. Section 3571 provides a maximum fine of $250,000 for an individual offender and $500,000 for any "organization" convicted of a violation. 18 U.S.C. § 3571. Courts have held that a civil action based on an alleged violation of 18 U.S.C. § 152(4) must be dismissed for lack of jurisdiction because there is no express or implied private right of action arising under the federal criminal statute. *Clayton v. Raleigh Federal Sav. Bank*, 194 B.R. 793, 797 (M.D.N.C.1996), *aff'd*, 107 F.3d 865 (4th Cir.1997); *In re Terio*, 158 B.R. 907, 911–12 (S.D.N.Y.1993), *aff'd*, 23 F.3d 397 (2d Cir.1994).

Based on the foregoing, the Court finds that it is without jurisdiction to determine whether 18 U.S.C. § 152, a federal criminal statute, was violated and also holds that there is no private right of action that arises under 18 U.S.C. § 152. Consequently, the Court dismisses with prejudice Debtor's allegations seeking sanctions and criminal punishment against the IRS for filing an alleged false proof of claim.

## CONCLUSION

Count I of the Second Amended Complaint, which concerns the IRS's collection actions with regard to Debtor's prepetition tax liabilities and the alleged filing of a false proof of claim is dismissed with prej-

udice. Because the Court finds that the IRS did not violate the automatic stay, Count II of the Second Amended Complaint in which Debtor seeks actual and punitive damages under 11 U.S.C. § 362(h) based upon the IRS's collection efforts is also dismissed with prejudice.

## ORDER

Having reviewed the submissions of the parties, applicable law, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED**.

2. Counts I and II of the Second Amended Complaint are **DISMISSED WITH PREJUDICE**.

3. The clerk of court is hereby ordered to close this adversary proceeding.