**In re Frederick H. STEVENS, Debtor.**

**Frederick H. STEVENS, Plaintiff,**

v.

**UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, State of Alabama Department of Revenue, and Waterman Medical Center, Inc., Defendants.**

**Bankruptcy No. 91–03620–6J7.
Adversary No. 96–388.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 19, 1997.

Peter N. Hill, Orlando, FL, for Plaintiff.

Brian L. Schwalb, United States Department of Justice, Washington, DC, for Internal Revenue Service.

Andrew M. Brumby, Orlando, FL, for Waterman Medical Center, Inc.

Mark D. Griffin, Montgomery, AL, for State of Alabama.

*ORDER GRANTING MOTIONS
TO DISMISS*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on December 19, 1996, on the Motions to Dismiss (the "Motions") filed by the Defendants, the United States of America Internal Revenue Service (the "IRS"), and the State of Alabama Department of Revenue (the "State of Alabama").[1] Each of the Defendants claims that the complaint (the "Complaint") (Doc. No. 1) filed by the debtor, Frederick H. Stevens (the "Plaintiff"), should be dismissed for failure to state a claim upon which relief could be granted. After reviewing the pleadings and considering the arguments of the parties and the applicable law, the Motions are granted.

*Background.* The Plaintiff filed a voluntary Chapter 7 petition on July 10, 1991 (Doc. No. 1). The Plaintiff received a discharge on November 15, 1991 (Doc. No. 26). The Chapter 7 case was closed on October 26, 1994 (Doc. No. 66). After the discharge was entered, Waterman issued a Form 1099 reflecting income to the Plaintiff from Waterman, his then employer, in the amount of $299,458.88.

This income was the result of a loan to the Plaintiff from First Union National Bank, N.A. ("First Union"). The loan was structured in part as a salary advance. Repayment of the loan was guaranteed by Waterman. The Plaintiff listed these debts payable both to Waterman and to First Union in his bankruptcy schedules. After the Plaintiff filed his bankruptcy petition, he failed to repay the loan, and Waterman paid First Union on its guarantee. In early 1992, Waterman issued a Form 1099 for the calendar year 1991 for the amount of indebtedness that Waterman paid or wrote off on the Plaintiff's behalf.

Based on this Form 1099, the IRS assessed an additional tax against the Plaintiff for 1991 which, including interest and penalties, now totals $136,702.33. In addition, the State of Alabama also has assessed income

---

1. The third defendant, Waterman Medical Center, Inc. ("Waterman") also filed a similar Motion to Dismiss. The hearing on Waterman's motion is scheduled for February 20, 1997.

taxes against the Plaintiff, which including interest and penalties, now totals $14,376.07. The State of Alabama also is withholding the Plaintiff's income tax refund for 1995.

On October 2, 1996, the Plaintiff filed an emergency motion to reopen his Chapter 7 case in order to file this adversary proceeding against the IRS, the State of Alabama, and Waterman. On October 15, 1996, an order granting the Plaintiff's motion to reopen the case was entered (Doc. No. 73). The Plaintiff then filed his Complaint seeking injunctive relief, a determination of the amount and legality of taxes owed by the Plaintiff, and damages. The request for injunctive relief was denied and is no longer an issue; however, the Motions to Dismiss assert that this Court lacks jurisdiction to determine the underlying tax issue.

■ *Section 505 of the Bankruptcy Code.* Pursuant to Section 505 of the Bankruptcy Code, a bankruptcy court may decide "the amount or legality of any tax, fine or penalty relating to a tax." 11 U.S.C. § 505(a)(1) (1996); *See, Millsaps v. United States (In re Millsaps),* 133 B.R. 547, 554 (Bankr.M.D.Fla. 1991). Pursuant to the legislative history of § 505(a)(1), Congress clearly intended for the statute to allow bankruptcy courts to rapidly determine tax issues necessary for the efficient administration of the estate. *Millsaps,* 133 B.R. at 554. Congress wanted to provide a forum for the quick resolution of disputed tax claims in order to avoid any delay in the conclusion of the administration of the bankruptcy case. *Millsaps,* 133 B.R. at 554; *In re Diez,* 45 B.R. 137, 139 (Bankr.S.D.Fla. 1984).

■ However, Congress did not intend for the bankruptcy court to decide tax matters that were not related to the administration of the bankruptcy estate. *See, Millsaps* at 554. When there is no purpose for the estate served by the bankruptcy court hearing the tax dispute, the court may and should abstain from hearing the controversy. *Diez,* 45 B.R. at 139. In determining whether to abstain from hearing a matter, the bankruptcy court must weigh the countervailing interests of the estate against the interests of the taxing authority and the constraints of the bankruptcy court's own docket. *In re Super*

*Van, Inc.,* 161 B.R. 184, 193 (Bankr.W.D.Tex. 1993).

■ For instance, the authority granted in § 505(a)(1) should not extend to resolving tax disputes in a no-asset case involving only the debtor and the IRS or a similar taxing authority. *Diez,* 45 B.R. at 138; *See, Millsaps* 133 B.R. at 554. Congress clearly did not intend for the Bankruptcy Court to be the forum for the litigation of tax matters unless the determination of the issues was essential for the administration of the estate. *Millsaps,* 133 B.R. at 554.

■ *Abstention.* Section 1334(c)(1) of Title 28 of the U.S.Code allows a bankruptcy court to abstain from hearing a matter if abstention is in the interests of justice. 1 Lawrence P. King, Collier on Bankruptcy ¶ 3.05 [1] (15th ed.1996). This type of abstention is permissive, not mandatory. *Id.* When a bankruptcy court permissively chooses to abstain from deciding an issue, whether it involves state law or other matters more properly heard in other federal forums, certain non-exhaustive factors, such as the degree of relatedness or remoteness of the proceeding to the main bankruptcy case and the presence in the proceeding of non-debtor parties, are examined. *See, Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166–67 (9th Cir.1990). These factors are merely a guide and simply require the bankruptcy court to balance whether justice is better served by the bankruptcy court or another court deciding the matter in question. At the heart of the matter is what is in the best interest of the estate. *Super Van,* 161 B.R. at 187, *citing, Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). If there would be no purpose served by the bankruptcy court hearing the matter, then the court should abstain. *See, Millsaps,* 133 B.R. at 554.

■ *Analysis.* The Plaintiff reopened his bankruptcy case specifically to litigate this disputed tax issue. All other issues in the Plaintiff's case were resolved years ago. Indeed, the case was closed in 1994. The resolution of the issues raised in this adver-

sary proceeding would have no effect on the administration of the estate, although the resolution of the issues will affect the Plaintiff individually.

The issues raised in this adversary proceeding are solely between the Plaintiff and the defendant taxing authorities. The issues are extremely remote from any issues relevant to the main case due both to the passage of time and the nature of the tax dispute. If this Court were to resolve this dispute, neither the Plaintiff's creditors or any aspect of this case would receive any benefit. Rather, the Plaintiff is merely seeking a forum more favorable to his position. Judge Corcoran may have said it best in ruling on a similar issue that came before him:

> Although it is true that an exercise of this jurisdiction would benefit the debtors and further the "fresh start" policy of the Bankruptcy Code, that interest would only be served at the expense of the orderly enforcement of the internal revenue laws. Unless this court abstains in these unusual circumstances, every taxpayer would know that he or she could ignore all of the tax protest and determination procedures and opportunities provided by the Internal Revenue Code and regulations, allow all time periods they provide to expire, watch the Service finally determine a tax, and then years later come into this court and obtain the judicial determination the taxpayer chose not to seek before. The interest of justice cannot be furthered by that result.

*Millsaps*, 133 B.R. at 555.

While this Court desires that the matters at issue be resolved in a fair and efficient manner, the bankruptcy court is not the proper forum in which to do so. There are other avenues available to the Plaintiff, and those other venues are more appropriate. Accordingly, it is

ORDERED:

1. The Motions to Dismiss (Docs. No. 13 and 14) are granted.

2. The adversary proceeding is dismissed as to the Internal Revenue Service and the State of Alabama.

3. A hearing to consider the Motion to Dismiss (Doc. No. 12) filed by Waterman is scheduled for **10:00 a.m. on February 20, 1997.**