**In re Lawrence G. WILLIAMS, Debtor.**

**Lawrence G. WILLIAMS, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, et al., Defendants.**

Bankruptcy No. 90–12125.
Adv. No. 91–1047.

United States Bankruptcy Court,
D. Rhode Island.

June 24, 1997.

John Boyajian, Providence, RI, Gerard Riso, New York City, Dennis Stein, Spring Valley, NY, for Debtor/Plaintiff.

Charles Cannon, Peter Sklarew, U.S. Dept. of Justice, Washington, DC, Michael Iannotti, U.S. Attorney's Office, Providence, RI, for Defendants.

### *ORDER ABSTAINING FROM ADVERSARY PROCEEDING*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Through extensive briefs, we have been requested to interpret, clarify, and otherwise expound on a "Stipulation" (Docket # 130) regarding litigation over the Debtor's tax liability to the Internal Revenue Service. When the Stipulation was originally pro-

posed, it was represented that it would help to narrow and define the issues in this adversary proceeding, and would simplify the litigation, and that is why we approved it. In practice, however, it appears to be having the opposite effect.[1]

At a recent status conference the Chapter 7 Trustee informed the Court that the IRS and certain administrative claimants are the only classes of creditors which will receive *any* distribution, and that because of the potential size of the IRS claim,[2] it would receive by far the majority of any estate assets.

For the following reasons, pursuant to 28 U.S.C. § 1334(c)(1), we voluntarily ABSTAIN: (1) This adversary proceeding involves a classic two-party dispute, the outcome of which will have little or no effect on the estate;[3] (2) there is litigation currently pending before the United States Tax Court, Docket # 4516–88; (3) the litigation requires the resolution of complex issues of tax law, some of which are unsettled or are questions of first impression; (4) there is a specialized forum for hearing this kind of dispute (i.e., the United States Tax Court); and (5) resolution of the issues would require this Court to interpret decisions of the United States Tax Court.[4] *See In re Hunt,* 95 B.R. 442 (Bankr.N.D.Tex.1989); *In re 400 South Main St.,* 133 B.R. 282 (D.R.I.1991). In the circumstances, and in deference to its expertise in the subject matter of the litigation, this adversary proceeding is transferred to the United States Tax Court for hearing and adjudication.

Finally, if the matter were to remain in this Court, we would vacate the December 20, 1996 Order approving the stipulation, because it does not appear to be functioning as advertised. However, if the Tax Court believes that said stipulation would be of assis-tance in the preparation and trial of this matter, it is free, of course, to use the document in any manner it deems appropriate.

---

1. In lengthy briefs the parties are fighting *inter alia* over the scope of the Stipulation, and are challenging each other's good faith in their respective interpretations of it.

2. The IRS's proof of claim filed on September 6, 1995, exceeds $22,000,000.

3. Debtor's counsel stated at the status conference, and the schedules confirm, that there are no unsecured, non-priority creditors and this information is confirmed by the Debtor's schedules. *See* Schedule A–3.

4. On November 16, 1994, we denied the IRS's Motion for Abstention. In the exercise of better judgment, and with the benefit of hindsight, we now reverse that ruling.