**William D. ZACK, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. Civ.A. 98–40155.
Bankruptcy No. 95–43961.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 14, 1998.

John S. Regan, Fitzgerald & Dakmak, Detroit, MI, for appellant.

Michael W. Davis, U.S. Department of Justice Tax Division, Washington, DC, for appellee.

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S ORDER GRANTING THE UNITED STATES'S MOTION TO ABSTAIN AND DISMISS

GADOLA, District Judge.

The above-entitled case is an appeal from the bankruptcy court's order dated April 30, 1998 granting the government's motion to abstain and dismiss. On May 11, 1994, plaintiff filed a petition in *tax court*, challenging the IRS's notice of deficiency for taxable years 1985 and 1986. Notwithstanding the pending tax court action, plaintiff subsequently filed an adversary proceeding in *bankruptcy court* on April 23, 1997, challenging the same notice of deficiency for taxable years 1985 and 1986. On October 23, 1997, the government filed a motion to abstain and dismiss the bankruptcy court proceedings. After a hearing held on January 29, 1998, the bankruptcy court issued an order granting the government's motion. Plaintiff has appealed that April 30, 1998 order to this court.

### I. PROCEDURAL HISTORY

In 1991, plaintiff, William D. Zack, was convicted of one count of conspiracy to defraud the United States, two counts of income tax evasion for taxable years 1985 and 1986 and seven counts of making and filing false income returns. *See U.S. v. Zack*, (Eastern District of Michigan, Case No. 90–80654–01). This conviction was subsequently affirmed by the Sixth Circuit by unpublished opinion dated September 30, 1993.

On August 11, 1993, the IRS issued a notice of deficiency to plaintiff in the amount of $45,079 for taxable year 1985, and $62,984 for taxable year 1986. On May 11, 1994, plaintiff timely filed a petition with the United States Tax Court in response to the above-mentioned notice of deficiency, thereby challenging the proposed imposition of addi-

tional tax and statutory additions by the IRS. Thereafter, Zack filed a series of motions seeking a stay of the tax court's proceedings. During this time, Zack also filed a petition for a writ of habeas corpus, which was subsequently denied.

Plaintiff filed a no-asset Chapter 7 bankruptcy on April 17, 1995. He received a discharge on July 25, 1995. On February 19, 1997, Zack filed a second amended petition with the tax court, again challenging his notice of deficiency for taxable years 1985 and 1986. In that second amended petition, plaintiff claimed that in 1996 he filed an amended 1988 federal income tax return which resulted in a "net operating loss" (hereinafter "NOL") for that year (1988), and which, when carried back (as allegedly allowed) to 1985, dramatically reduced, if not eliminated, his tax liability for 1985. Plaintiff advanced a similar argument with respect to his 1986 tax liability.

Notwithstanding the already pending tax court action, Zack filed an adversary proceeding in bankruptcy court challenging the IRS's notice of deficiency for taxable years 1985 and 1986. Zack also claimed that the amended returns filed for taxable years 1982 through 1986 and 1988 eliminated any additional income that he might have had for 1985 and 1986. Moreover, plaintiff claimed that these amended returns generated additional refunds for the years 1982 through 1986.

On October 23, 1997, the United States filed a motion to abstain and dismiss plaintiff's adversary proceeding in bankruptcy court on the grounds that Zack had previously filed a materially identical motion in tax court, that no benefit to administration of the bankruptcy estate existed, and that the most appropriate forum for plaintiff to resolve the matter was in tax court. On December 23, 1997, plaintiff filed a brief in support of his objection to government's motion to dismiss. In addition, plaintiff filed a motion to stay tax court proceedings. That order was granted by the bankruptcy court on January 22, 1998.

At a hearing in the bankruptcy court held on January 29, 1998, the court rescinded its order staying tax court proceedings and granted the government's motion to abstain and dismiss. The bankruptcy court based its ruling on the following factors: "[i]n the interest of justice, comity with the tax court, as well as recognizing the expertise of the tax court." On April 30, 1998, the bankruptcy court entered an amended order granting the United States's motion to abstain and dismiss plaintiff's adversary proceeding in bankruptcy court. On May 4, 1998, plaintiff appealed the decision of the bankruptcy court to this Court.

## II. STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard of review. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984).. A bankruptcy court's conclusions of law are reviewed *de novo. See id.* Courts generally review orders of abstention under an "abuse of discretion" standard. *See Moore's Federal Practice* § 122.07[4] (3rd ed.1998). The Sixth Circuit, however, has held that it will review abstention decisions *de novo. See id.* (citing *Heitmanis v. Austin*, 899 F.2d 521, 527 (6th Cir.1990)); *see also Litteral v. Bach*, 869 F.2d 297, 298 (6th Cir.1989).

■ The government asserts that "this case involves factual and not legal issues." *See* Brief for the Appellee, p. 5. According to the government's position, a clearly erroneous or abuse of discretion standard would therefore be the appropriate standard of review for this Court to apply in the instant case. However, this court will review the bankruptcy court's abstention order *de novo* in light of the Sixth Circuit case precedents. Additionally, this court finds that the order is premised upon both conclusions of law and findings of fact, and therefore *de novo* review is the more appropriate standard.

## III. ANALYSIS

■ Plaintiff-appellant (hereinafter plaintiff) maintains that the bankruptcy court erred or abused its discretion in granting the government's motion to abstain. Specifically, plaintiff asserts that the bankruptcy court is the proper forum to adjudicate his claims, as opposed to the tax court where plaintiff had

originally challenged the IRS's notice of deficiency. Plaintiff further argues that the doctrine of comity should not operate to allow the bankruptcy court to abstain from adjudicating his adversary proceedings in favor of the tax court. According to plaintiff, there is no concurrent jurisdiction and no materially identical proceedings simultaneously pending in the two courts.

Defendant-appellee (hereinafter defendant) argues that plaintiff is attempting to litigate two materially identical proceedings, i.e., one in tax court and the other an adversary proceeding before the bankruptcy court. Defendant maintains that both proceedings involve plaintiff's challenge to a proposed assessment against him by the IRS for the years 1985 and 1986. Additionally, defendant points out, the tax court action was commenced by plaintiff prior to the bankruptcy court action.

Plaintiff attempts to distinguish his tax court case from his bankruptcy court adversary proceeding by asserting that the tax court is a court of limited jurisdiction. Its jurisdiction is dependent upon the issuance of a notice of deficiency. See *Phillip Petroleum Co. and Affiliated Subsidiaries v. Commissioner of Internal Revenue*, 92 U.S.T.C. 885, 888 (1989). Plaintiff contends that since no notice of deficiency was issued, except with respect to taxable years 1985 and 1986, the tax court may not adjudicate his claims regarding the 1989, 1988 and the 1982 through 1984 tax years. *See* Plaintiff–Appellant's Brief on Appeal, p. 9.

The government argues in opposition that the statute of limitations has long since expired on filing a claim for refund for those years that plaintiff seeks to place in issue.

Section 6511 of the Internal Revenue Code provides, in pertinent part, as follows:

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

I.R.C. § 6511(a). The Code thus imposes the following statute of limitations on the time allowed for recovering a tax refund: a claim for refund must be filed within two years of the date of payment *or* three years from the date the original tax return was filed, whichever is later. *See id.* In this case, plaintiff's returns for 1982 through 1984 were timely filed and the last payment made by Mr. Zack was in 1985. *See* Brief for the Appellee, p. 13. Therefore, as the government concludes, "Mr. Zack simply cannot get a refund for amounts he paid more than a decade ago." *Id.*

The case law cited by the government clearly supports its position. The Eighth Circuit has held that although Section 505(a)[1] of Bankruptcy Code gives the bankruptcy court broad authority to determine any tax of the debtor, this authority does not override the limitations on refunds contained in I.R.C. § 6511. *See In re Smith*, 921 F.2d 136 (8th Cir.1990); *see also United States v. Brockamp*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997); *Oropallo v. United States*, 994 F.2d 25, 27 (1st Cir.1993), *cert. denied*, 510 U.S. 1050, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994); *Firsdon v. United States*, 95 F.3d 444 (6th Cir.1996); *Sy v.*

---

**1.** Section 505(a) of the Bankruptcy Code is entitled "Determination of tax liability," and provides in full:

(a)(1) Except as provided in paragraph (2) of this subsection, the court *may* determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(a)(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or

legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a) (emphasis added).

*United States,* 968 F.Supp. 345 (E.D.Mich. 1997); *In Matter of Qual Krom South, Inc.,* 119 B.R. 327 (Bankr.S.D.Fla.1990).

Plaintiff insists that the statute of limitations mandated by I.R.C. § 6511 is inapplicable to his situation. The crux of plaintiff's argument attempting to exempt himself from the statute of limitations is that a different limitations period should apply due to plaintiff's claims of net operating losses ("NOLs") for taxable years 1988 and 1989. Plaintiff cites Section 301.6511(d)–2 of Title 26 of the Code of Federal Regulations in an attempt to bolster this argument. That section provides that in special cases a limitation period different from the one set forth in I.R.C. § 6511 will apply. Section 301.6511(d)–2 is entitled, "Overpayment of income tax on account of net operating loss or capital loss carrybacks," and provides, in pertinent part, as follows:

> [i]f the claim for credit or refund relates to an overpayment of income tax attributable to a net operating loss carryback ... or a capital loss carryback ... then in lieu of the 3–year period from the time the return was filed in which the claim may be filed or credit or refund allowed, as prescribed in [I.R.C.] section 6511(a) or (b), the period shall be whichever of the following two periods expires later:
>
> (i) *The period which ends with the expiration of the 15th day of the 40th month (or 39th month, in the case of a corporation) following the end of the taxable year of the net operating loss or net capital loss which resulted in the carryback;* or
>
> (ii) The period which ends with the expiration of the period prescribed in section 6511(c) within which a claim for credit or refund may be filed with respect to the taxable year of the net operating loss or net capital loss which resulted in the carryback. ...

26 C.F.R. § 301.6511(d)–2 (emphasis added).

Assuming *arguendo* that 26 C.F.R. § 301.6511(d)–2 is applicable to plaintiff's situation, that section still does not operate to legitimate plaintiff's claims. Section 301.6511(d)–2, as quoted above, would extend the expiration of the statute of limitations to the "15th day of the 40th month following the end of the taxable year of the net operating

loss." *See id.* Applying this time frame to the instant case, with respect to plaintiff's alleged "NOL" for taxable year 1988, the statute of limitations would have run out approximately 40 months (i.e., approximately 3 1/3 years) following 1988, the end of the taxable year of the alleged net operating loss. Therefore, plaintiff's claim for a refund based on an "NOL" in taxable year 1988 would have expired on April 15, 1992. Similarly, with respect to plaintiff's alleged NOL for taxable year 1989, the statute of limitations on plaintiff's claim would have run out on April 15, 1993. Thus, plaintiff is barred at this late date from claiming refunds based on any alleged net operating losses for the years in question.

Since plaintiff has no valid claims based on any NOL carrybacks, plaintiff's argument that the tax court lacks jurisdiction is likewise invalid. Even if the tax court has limited jurisdiction to hear only those claims based on the IRS's notice of deficiency, plaintiff has presented no other legitimate claims for consideration. As the government correctly points out, plaintiff's duplicative litigation in the tax court and in the bankruptcy court involve "materially identical proceedings." Mr. Zack cannot now obfuscate the issues by attempting to introduce further untimely claims after initiating his case in tax court.

Plaintiff further contends that the bankruptcy court failed to rely on certain factors in making its abstention decision. *See* Plaintiff–Appellant's Brief on Appeal, p. 19. Plaintiff makes reference to Sections 304 and 305 of the Bankruptcy Code, relating to "cases ancillary to foreign proceedings" and "abstention," respectively. The bankruptcy court, however, was not statutorily obligated to consider any of the factors contained in those sections. Sections 304 and 305 apply when the bankruptcy court is deciding whether or not to dismiss an *entire* bankruptcy case, not where, as here, the court is deciding whether or not to abstain from an *adversary proceeding. See* Fed.R.Bankr.P. 5002, 1987 advisory committee note; Lawrence P. King, *Collier on Bankruptcy* ¶ 5011.02 (15th ed.1998); *see also In re Stevens,* 210 B.R. 200 (Bankr.M.D.Fla.1997).

Title 28, Section 1334(c) of the United States Code instead provides the correct statutory standard which bankruptcy courts must employ when evaluating a motion to abstain in the context of adversary proceedings. Pursuant to that section, courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). This statute codifies the so-called "permissive abstention doctrine" and " 'demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case.' " *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir.1996) (*quoting Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987)). This statute has been widely applied by bankruptcy courts to abstain from hearing tax disputes, like the one presented in the instant case, between Chapter 7 debtors and state and/or federal taxing authorities. *See, e.g., In re Stevens*, 210 B.R. 200 (Bankr.M.D.Fla.1997); *In re Williams*, 209 B.R. 584 (Bankr.D.R.I.1997).

For all of the preceding reasons and after a *de novo* review of the bankruptcy court's decision, this court holds that the abstention order was proper. The bankruptcy court correctly applied 28 U.S.C. § 1334(c)(1) in finding that abstention was warranted based upon "the interest of justice and comity with the tax court." Furthermore, plaintiff has presented no valid basis for asserting that any legitimate claims he has raised could not be appropriately disposed of in tax court, where plaintiff had initially filed his claims.

### ORDER

Therefore, it is hereby **ORDERED** that the bankruptcy court's order granting the government's motion to abstain and dismiss is **AFFIRMED.**

**SO ORDERED.**