**In re Clayton Samuel NEWMAN, Debtor.**

**Clayton Samuel Newman, Plaintiff,**

**v.**

**The United States of America, Defendant.**

**Bankruptcy No. 8:98–bk–12132–PMG.**
**Adversary No. 8:08–ap–150–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 10, 2009.

B. Gray Gibbs, Law Office of B. Gray Gibbs, St. Petersburg, FL, for Plaintiff.

Stephen C. Dowdell, United States Department of Justice, Washington, DC, for Defendant.

Internal Revenue Service, pro se.

## ORDER ON MOTION TO AMEND OR ALTER JUDGMENT

PAUL M. GLENN, Chief Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Amend or Alter Judgment filed by the Debtor, Clayton Samuel Newman.

This dispute arose when the United States of America (IRS) attempted to collect certain income tax liabilities from the Debtor after the Debtor's Chapter 11 Plan had been confirmed and consummated. The Debtor contends that the IRS is prohibited from collecting the tax liabilities because the IRS's claim was provided for in his confirmed Plan.

The Court previously entered an Order granting the IRS's Motion for Summary Judgment. In the Order, the Court determined that the tax claims asserted by the IRS are nondischargeable under § 523(a)($l$) and § 507(a)(8) of the Bankruptcy Code, and that the Order confirming the Debtor's Chapter 11 Plan therefore did not discharge the debts. Consistent with the Order, a separate Final Summary Judgment was entered in favor of the IRS and against the Debtor.

In the Motion presently under consideration, the Debtor requests that the Court alter or amend the Judgment in order to correct a clear error of law and to prevent manifest injustice.

### Background

The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on July 13, 1998.

On July 10, 2000, the IRS filed its final amended Proof of Claim in the Debtor's Chapter 13 case. (Claim No. 20). The Claim consisted of a secured component in the amount of $8,519.00, an unsecured priority component in the amount of $157,913.79, and a general unsecured component in the amount of $41,416.82, for a total claim in the amount of $207,849.61.

The Claim was based on income tax liabilities arising from the 1993, 1994, 1995, and 1996 tax years.

On May 1, 2001, the Debtor's Chapter 13 case was converted to a case under Chapter 11.

On May 22, 2001, the Debtor filed a Chapter 11 Plan of Reorganization. (Main Case, Doc. 85). The Plan provided that the priority portion of the IRS's Claim would be paid in full with interest at the rate of 9% per annum. The Debtor was to pay the priority Claim by making a lump

sum payment at confirmation, followed by equal monthly installments to be completed within six years of the date of assessment. The Plan further provided that the secured portion of the IRS's Claim would be paid in full at confirmation, with interest at the rate of 9% per annum. Finally, the Plan provided that the Debtor would pay the IRS an amount equal to fifty percent of its unsecured claim with interest at the rate of 6% per annum. The unsecured claim was to be paid in monthly installments, after payment in full of the priority and secured claims.

On December 7, 2001, the Court entered an Order Confirming the Debtor's Chapter 11 Plan.

The parties agree that the Debtor "made the payments required under the Chapter 11 Plan." (Doc. 11, ¶¶ 3, 6).

After the Chapter 11 case was closed, the IRS issued a Notice of Federal Tax Lien and a Notice of Levy on the Debtor's Wages, Salary, and Other Income. (Doc. 1, Composite Exhibit). The Notices related to the Debtor's income taxes for the 1993, 1994, 1995, and 1996 tax years.

In response to the IRS's collection efforts, the Debtor filed the Complaint that commenced this adversary proceeding. Generally, the Debtor asserted that he made all payments owed to the IRS pursuant to his confirmed Chapter 11 Plan, and that the prepetition claims of the IRS were therefore satisfied. According to the Debtor, the IRS's efforts to collect additional tax liabilities related to the prepetition tax years violated the discharge injunction provided by § 524(a) of the Bankruptcy Code.

The IRS filed a Motion for Summary Judgment in the adversary proceeding. In its Order granting the Motion, the Court found that the tax liabilities at issue are nondischargeable debts pursuant to § 523(a)(*l*)(A) and § 507(a)(8) of the Bankruptcy Code. The Court concluded, therefore, that the IRS was permitted to proceed with its post-confirmation collection efforts, because the Order confirming the Debtor's Chapter 11 Plan did not discharge the debts that were otherwise nondischargeable under § 523. 11 U.S.C. § 1141(d)(2).

In the Motion presently under consideration, the Debtor requests that the Court alter or amend its determination that the IRS is not bound by the Order confirming his Plan. In his Motion, the Debtor contends:

The Order on United States Motion for Summary Judgment (hereinafter the "Order") erroneously states the Plaintiff's position on the tax liabilities. The Plaintiff believed he had paid the entire amount of the secured and unsecured priority taxes as required by the plan either by direct plan payments, refunds held by the Internal Revenue Service or Chapter 13 plan payments applied to the tax. If there are additional tax liabilities due for the secured and unsecured priority [taxes] the Plaintiff does not dispute he would owe those under the plan. *The portion which the Plaintiff disputes is the general unsecured component in the amount of $41,416.82.* That amount was not affected by the pending exam and actually decreased over the 4 proofs of claim that were filed. *The general unsecured portion was to be paid at a reduced amount of 50%.*

(Doc. 32, pp. 2–3)(Emphasis supplied). Later in his Motion, the Debtor asserts:

The IRS had filed a proof of claim for general unsecured taxes in the amount of $41,416.82. *The IRS willingly accepted, by its failure to object, to compromise its general unsecured taxes. The Debtor should be able to rely on that acceptance.*

(Doc. 32, p. 5)(Emphasis supplied). According to the Debtor, the IRS should be required either to affirmatively object to the terms of a chapter 11 plan, or be bound by the treatment of its own Proof of Claim as provided in the Plan. (Doc. 32, pp. 5–6).

## Discussion

The Court recognizes that the Debtor's Chapter 11 Plan provided for the tax liabilities set forth in the Proof of Claim filed by the IRS, and that the Debtor satisfied his obligations under the Plan. Pursuant to § 1141(d)(2) of the Bankruptcy Code and the decisions interpreting that section, however, the Debtor's Motion to Amend or Alter Judgment should be denied.

Section 1141(d)(2) provides:

**11 USC § 1141. Effect of confirmation**

. . .

(d)(2) A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title.

11 U.S.C. § 1141(d)(2).

■ In this case, the tax liabilities described on the Notice of Federal Tax Lien and Notice of Levy arise from the 1993, 1994, 1995, and 1996 tax years. The 1993 tax liabilities were assessed within 240 days of the filing of the petition. The returns for the 1994, 1995, and 1996 tax liabilities were last due within three years of the filing of the Debtor's bankruptcy petition. Consequently, the tax liabilities arising from the years at issue are nondischargeable debts under § 523(a)(*l*) and § 507(a)(8) of the Bankruptcy Code. The Debtor does not appear to dispute the nondischargeable character of the liabilities.

## A. The IRS's failure to object to confirmation

The Debtor contends that the "IRS willingly accepted, by it failure to object, to compromise its general unsecured taxes." (Doc. 32, p. 5).

■ Under § 1141(d)(2), the IRS's failure to object to confirmation of the Debtor's Chapter 11 Plan does not affect its ability to collect the nondischargeable tax liabilities after confirmation of the Plan.

In *In re DePaolo*, 45 F.3d 373 (10th Cir.1995), for example, the IRS did not object to confirmation of a chapter 11 plan that provided for payment of its claim, and subsequently issued a notice of deficiency to the debtors for taxes arising from a tax year that was included in its proof of claim. The taxes were "of the type specified in 11 U.S.C. § 507(a)(7)," and were therefore nondischargeable in the debtors' bankruptcy case. Because the tax liabilities were nondischargeable, the Court concluded that the IRS could collect the deficiency claim outside of the chapter 11 case, even though it had not objected to its treatment under the plan. *In re DePaolo*, 45 F.3d at 375–76.

Similarly, in *In re Artisan Woodworkers*, 225 B.R. 185 (9th Cir.BAP1998), the State of California did not object to confirmation of a plan that provided for payment of its tax claim. Following confirmation, the State proceeded to collect postpetition, preconfirmation interest and penalties related to the taxes set forth in its claim. The Court first found that the individual debtor's liability for interest and penalties on the underlying nondischargeable tax debt survived the Chapter 11 discharge. *In re Artisan Woodworkers*, 225 B.R. at 188–90. The Court then noted:

The Debtor argues that the Appellant should have raised an objection at the confirmation hearing regarding its as-

serted entitlement to post-petition, pre-confirmation interest and penalties and, by failing to do so, the Appellant is now bound by the terms of the plan. Stated otherwise, the Debtor asserts that the Appellant has waived its right to collect interest and penalties not specifically provided for under the confirmed plan. In general, a confirmed chapter 11 plan binds all creditors, including creditors who may have rejected the plan or objected to its confirmation. 11 U.S.C. § 1141(a); *In re Mercado,* 124 B.R. 799, 801 (Bankr.C.D.Cal.1991). *A confirmed plan may not, however, extinguish or discharge an otherwise nondischargeable debt, even where the creditor fails to participate in the confirmation process.* 11 U.S.C. § 1141(d)(2); *In re Gurwitch,* 794 F.2d 584, 585 (11th Cir. 1986); *In re Becker's Motor Transportation, Inc.,* 632 F.2d 242, 248 (3d Cir. 1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). *Accord In re Mercado,* 124 B.R. at 804. *In re Artisan Woodworkers,* 225 B.R. at 190–91 (Emphasis supplied). In other words, a taxing authority may collect a nondischargeable tax liability following confirmation of a chapter 11 plan, even if it failed to object to the treatment provided for its claim under the plan. See also *In re Moore,* 1996 WL 861074, at *3 (Bankr. E.D.Cal.)(A "plan does not have a binding effect with respect to debts of an individual debtor which are not discharged under § 523") and *In re McConahey,* 192 B.R. 187 (Bankr.S.D.Ill.1996).

The IRS may collect the nondischargeable tax liabilities owed by the Debtor in this case, even though it did not object to confirmation of the Debtor's Plan.

**B. The IRS's classification of its claim**

Second, the Debtor asserts that the IRS agreed to compromise a portion of its claim by classifying certain penalties as a general unsecured claim in its Proof of Claim. (Transcript, pp. 7–8).

 A creditor who holds a nondischargeable claim against an individual debtor, however, is not bound by the amount or classification set forth in any proof of claim that it files in a chapter 11 case. Under § 523(a)(1)(A), an individual debtor is not discharged from any debt of the type specified in § 507(a)(8) of the Bankruptcy Code, "whether or not a claim for such tax was filed or allowed." "The express language of § 523(a)(*l*)(A) makes filing a proof of claim immaterial in determining the nondischargeability of a debt." *In re McConahey,* 192 B.R. at 191. Since the filing of a claim is immaterial for purposes of § 523(a)(*l*), the debtor is not entitled to rely on a creditor's claim in determining whether a debt has been discharged in his bankruptcy case.

In *In re Gurwitch,* 794 F.2d 584 (11th Cir.1986), the debtor asserted that the IRS was equitably estopped from pursuing its tax claims postconfirmation, because the debtor had justifiably relied to his detriment on the proof of claim filed by the IRS during the confirmation process. The Eleventh Circuit Court of Appeals rejected the debtor's assertion:

This argument falls short, for "[i]nasmuch as [these taxes] are nondischargeable, ... a reasonable debtor should expect that the IRS will seek to enforce such claims." *Becker's Motor Transportation,* 632 F.2d at 249. While IRS well could have been more diligent in pursuing its collection efforts, we cannot find legally justifiable Gurwitch's reliance on the IRS proof of claim as signifying the total amount owed the government.

*Gurwitch,* 794 F.2d at 586.

Similarly, in *In re DePaolo,* 45 F.3d 373 (10th Cir.1995), the Tenth Circuit Court of Appeals rejected the debtor's contention

that the nondischargeable debt owed to the IRS was limited to the amount set forth in the IRS's proofs of claim. Since taxes described in § 523(a)(1) are nondischargeable "whether or not a claim for such tax was filed or allowed," the Court determined that the IRS was not estopped from pursuing the full amount of the nondischargeable taxes solely because it claimed a different amount in the bankruptcy case. *In re DePaolo,* 45 F.3d at 376–77(citing *In re Olsen,* 123 B.R. 312, 314 (Bankr.N.D.Ill.1991) in which the Court found that the nondischargeable debt owed to the IRS was not confined to the IRS's allowed claim against the estate).

■ In this case, the Debtor contends that the IRS is prohibited from collecting a portion of the tax debt, because the IRS elected to classify part of the tax liability as a general unsecured claim, rather than a priority claim, on its Proof of Claim. According to the Debtor's Chapter 11 Plan, the IRS was only entitled to receive an amount equal to fifty percent of its unsecured, nonpriority claim. Consequently, the Debtor contends that the IRS knowingly agreed to accept the reduced payment of this portion of its total claim by designating it as a general unsecured claim.

The IRS is not precluded from enforcing the full amount of the nondischargeable tax liability because of its classification of the debt in its proof of claim. The tax liability retained its status as a nondischargeable debt regardless of the proof of claim filed by the IRS. *In re McConahey,* 192 B.R. 187, 191 (Bankr.S.D.Ill.1996). The classification in the proof of claim cannot be construed as a mechanism to compromise the nondischargeable tax liability. *In re Moore,* 1996 WL 861074, at *4.

Further, the Proof of Claim states that the general unsecured portion of the claim consists of the "penalty to date of petition on *unsecured priority claims* (including interest thereon)." (Claim No. 20)(Emphasis supplied). The underlying priority claims consist of the taxes related to the 1993, 1994, 1995, and 1996 tax years that are nondischargeable pursuant to § 523(a)(*l*)(A) of the Bankruptcy Code. Since the general unsecured claims represent penalties on enforceable, nondischargeable taxes, the Debtor should reasonably have expected that the IRS would also enforce the penalties as nondischargeable debts. *In re Gurwitch,* 794 F.2d at 586.

The IRS is not precluded from collecting the nondischargeable taxes based on its classification of the tax liabilities in the Proof of Claim.

### C. Policy

The survival of the tax liabilities after confirmation of the Debtor's Plan, even though the IRS filed a Proof of Claim for the taxes and accepted its treatment under the Plan, may appear to place the Debtor at a disadvantage with respect to the IRS. The continued enforceability of the taxes, however, falls squarely within the purpose of § 1141(d)(2) and § 523(a)(1)(A) of the Bankruptcy Code.

[O]ur interpretation of § 1141 is consistent with the policy aims behind the Bankruptcy Code's identification of taxes as nondischargeable debts. *Nondischargeable debts are those types of debts, such as taxes or child support payments, that Congress thought important enough to be paid in full, even if doing so impeded the debtor's ability to make a fresh start.* "It is apparent to us that Congress has made the choice between collection of revenue and rehabilitation of the debtor by making it extremely difficult for a debtor to avoid payment of taxes under the Bankruptcy Code." *Gurwitch,* 794 F.2d at 585–86.

*United States v. White,* 466 F.3d 1241, 1247 (11th Cir.2006)(Emphasis supplied). "[T]he courts of appeals that have considered this issue have concluded that in the case of individual debtors, Congress consciously opted to place a higher priority on revenue collection than on debtor rehabilitation or ensuring a fresh start." *In re Fein,* 22 F.3d 631, 633 (5th Cir.1994)(quoted in *In re DePaolo,* 45 F.3d at 376).

### D. Determination of tax liability

Finally, the Debtor asks the Court to schedule an evidentiary hearing to establish the amount of the tax liability that remains due to the IRS. (Doc. 32, p. 6; Transcript, pp. 4, 8). The Debtor requests, for example, that the Court determine whether the IRS is entitled to collect the "failure to pay" penalties that have been assessed against him. (Doc. 18; Transcript, p. 9).

■ Section 505(a)(1) of the Bankruptcy Code provides:

**11 USC § 505. Determination of tax liability**

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1). The authority granted under § 505(a) to determine a tax liability is discretionary with the Court, not mandatory. *In re Wood,* 341 B.R. 804, 811 (Bankr.S.D.Fla.2006).

■ The purpose of § 505(a)(*l*) is to "allow bankruptcy courts to rapidly determine tax issues necessary for the efficient administration of the estate.... Congress did not intend for the bankruptcy court to decide tax matters that were not related to

the administration of the bankruptcy estate." *In re Stevens,* 210 B.R. 200, 202 (Bankr.M.D.Fla.1997)(citing *In re Millsaps,* 133 B.R. 547, 554 (Bankr.M.D.Fla. 1991)). The "intended beneficiaries of the aims served by § 505(a) are the general body of unsecured creditors—that is, the estate—not the debtor." In re Kohl, 397 B.R. 840, 846 (Bankr.N.D.Ohio 2008).

■ Consequently, the authority provided by § 505(a)(*l*) should not be exercised if no estate purpose would be served by the Bankruptcy Court's adjudication of the tax dispute. *In re Stevens,* 210 B.R. at 202; *In re Millsaps,* 133 B.R. at 554. Where the debtor and the taxing authority are the only parties interested in the dispute, so that only the debtor stands to benefit from a determination under § 505(a)(*l*), the Court should decline to exercise its authority under that section. *In re Kohl,* 397 B.R. at 846; *In re Stevens,* 210 B.R. at 203.

■ In this case, the Debtor's Chapter 11 Plan was confirmed, and the Debtor made all of the payments required under the Plan. On September 28, 2004, the Debtor filed his Final Report and Accounting in which he certified that he had paid the Claimants and Scheduled Creditors in his case pursuant to the provisions of the Plan of Reorganization and that the Plan had been substantially consummated within the meaning of 11 U.S.C. § 1142(b). (Main Case, Doc. 120). The case was closed on September 30, 2004, and was subsequently reopened solely to permit the Debtor to file an adversary proceeding against the IRS.

The current dispute involves only the Debtor and the IRS, and the only issue is the amount of the nondischargeable debt that remains due to the IRS. The outcome of the proceeding will not affect the estate's unsecured creditors or the administration of the estate. On the contrary, the

estate has been fully administered, and creditors will not receive any additional distribution as a result of this litigation. The determination of the Debtor's tax liability, including the amount of any "failure to pay" penalty, is not necessary for the administration of the estate. Consequently, the Court declines to exercise its authority under § 505(a)(1) to determine the amount of the Debtor's tax liability.

### Conclusion

The issue in this case is whether the IRS is prohibited from collecting certain tax liabilities from the Debtor. The Debtor asserts that the IRS may not collect the taxes because the IRS's claim was provided for in his confirmed Chapter 11 Plan. The Debtor does not assert that the taxes fall outside the exception to dischargeability contained in § 523(a)($l$) of the Bankruptcy Code.

The Court finds that the IRS may pursue its collection efforts with regard to the nondischargeable taxes, even though it filed a Proof of Claim in the Chapter 11 case, and even though it did not object to the treatment of its Claim under the Plan. This result is consistent with the policy underlying § 1141(d)(2) of the Bankruptcy Code, which provides that an order confirming a chapter 11 plan does not discharge an individual debtor from any debt that is nondischargeable under § 523 of the Bankruptcy Code.

Further, the Court declines to determine the amount of the Debtor's tax liability pursuant to the authority granted under § 505(a)($l$) of the Bankruptcy Code, because such a determination is not necessary for the administration of the estate.

The Debtor's Motion to Amend or Alter Judgment should be denied.

Accordingly:

**IT IS ORDERED** that the Motion to Amend or Alter Judgment filed by the Debtor, Clayton Samuel Newman, is denied.