In re Jack C. RYALS, Debtor.

Jack C. Ryals, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 3:bk–07–00399.
Adversary No. 3:08–ap–0065–JAF.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 12, 2009.

Keith H. Johnson, Johnson and Johnson P.A., Jacksonville, FL, for Plaintiff.

Mary Apostolakos Hervey, United States Department of Justice, Washington, DC, for Defendant.

### ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND GRANTING JACK C. RYALS' CROSS MOTION FOR SUMMARY JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This proceeding came before the Court upon United States' Motion for Summary

Judgment and Memorandum of Law in Support (the "Motion"), Ryals' Response and Counter–Motion to [the Motion] (the "Response and Cross–Motion") and United States' Reply in Support of [the Motion] and Opposition to Ryals' Cross Motion for Summary Judgment. Jack C. Ryals ("Ryals") commenced this adversary proceeding by filing a complaint pursuant to 11 U.S.C. § 523(a)(1)(C) seeking to discharge his unpaid federal income tax liabilities for the 1978 and 1979 tax years. He later filed an amended complaint for damages, claiming the Internal Revenue Service violated the discharge injunction when it sought to collect his unpaid taxes. The United States of America (the "United States") filed an answer challenging Ryals' discharge and damages claims. Ryals' liability for 1979 has been paid. Therefore, the case only concerns the dischargeability of Ryals' 1978 tax debt. The United States contends that Ryals' 1978 tax liability is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(C) because Ryals willfully attempted to evade or defeat such tax. Ryals contends that he did not willfully attempt to evade or defeat such tax. Ryals also asserts that the 1978 penalty and the accrued interest thereon were discharged by the filing of his Chapter 7 bankruptcy petition. Upon a review of the Motion, the Response and Cross–Motion, and the Reply, the Court finds it appropriate to grant the Motion and to grant the Cross–Motion. The Court will enter judgment in favor of the United States and against Ryals as to the 1978 federal income tax liability and consequent claim for violation of the discharge injunction and judgment in favor of Ryals and against the United States as to the 1978 fraud penalty and the interest thereon. The following facts are undisputed.

### Undisputed Facts

In April 1983, a multi-count indictment charged Ryals with, inter alia, cultivating marijuana for distribution and sale and evading the resulting federal income taxes for years 1975 through 1979 in a scheme in which he hid his unlawful income using cashier's checks and offshore banks. (United States' Ex. 1, Indictment.) Count One charged Ryals with conspiring with others to impede, impair, obstruct, and defeat "the lawful government functions of the Internal Revenue Service ... in the ascertainment, computation, assessment, and collection" of income taxes from approximately December 1974 through the date of the indictment. (*Id.* p. 1.) Count Five charged Ryals with knowingly attempting to evade or defeat his income tax liability for 1979. (*Id.* p. 23.)

On October 7, 1983, Ryals entered into a written plea agreement, in which he admitted guilt on Counts One, Five and Six of the criminal indictment. (United States' Ex. 1, Plea Agreement.) As part of the plea agreement Ryals "certifie[d] that he [could] and [would] knowingly, voluntarily and truthfully respond affirmatively to the questions set forth in the attached 'Personalization of Elements', which [was] incorporated [t]herein by reference, and [did] also ... admit that the United States [could] prove the allegations set forth in the attached 'Factual Basis', which [was] incorporated [t]herein by reference." (*Id.*, Plea agreement p. 8.) By affirmatively answering the questions in the Personalization of Elements, Ryals admitted

- that two or more persons came to an understanding between 1974 and 1983 to try to accomplish a common and unlawful plan, to impair and impede the ascertaining and collection of income taxes of Jack C. Ryals;

- that he willfully became a member of that conspiracy;

- that during the conspiracy, at least one conspirator knowingly committed at

least one of the overt acts listed in the indictment;

- that the overt act was knowingly committed at or about the time alleged in an effort to accomplish some object or purpose of the conspiracy;

(United States' Ex. 1, Personalization of Elements p. 1.)

The Factual Basis incorporated by reference into the plea agreement which Ryals executed contained additional admissions regarding his attempts to avoid his tax liabilities for the years at issue and stated as follows:

> Throughout the period 1975 through 1979, Jack C. Ryals was converting substantial sums of currency he received from selling his share of the marijuana crop into domestic cashier's checks. The cashier's checks were mainly used to make investments into Solar Energy Products, Inc., so as to disguise and hide the true source of the investment from the government.

> As a result of the above acts, the Internal Revenue Service was impeded and impaired from determination of Jack C Ryals' income for the years 1976 through the year 1979, and the determination of the resulting tax liability for the same years.

(United States' Ex. 1, Factual Basis p. 2.)

On May 20, 2003, the United States instituted an action against Ryals to reduce his 1977 and 1978 federal income taxes to judgment. *US v. Jack Carl Ryals*, Case No. 1:03–cv–0090–MP–AK (N.D.Fla.). On December 8, 2008, judgment was entered in favor of the United States in the amount of $1,678,065.01, plus interest thereafter as provided by law. The judgment remains unpaid.[1]

## CONCLUSIONS OF LAW

▮▮▮▮ An individual debtor who files a petition under Chapter 7 of the Bankruptcy Code is generally granted a discharge from all debts that arose before the filing of the bankruptcy petition. See 11 U.S.C. § 727(b). This discharge, granted as a matter of legislative grace, is not intended to assist those who, "despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors." *In re Zick*, 931 F.2d 1124, 1129 (6th Cir.1991). Instead, the benefits of protection under the bankruptcy laws are limited to the "honest but unfortunate debtor" who, despite his best efforts, is unable to meet the demands of his creditors. *In re Fretz*, 244 F.3d 1323, 1326 (11th Cir.2001); see also *Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *Zick*, 931 F.2d at 1129 (bankruptcy laws intended to give debtors a "fresh start," not a "head start"). As a result, Congress has enacted a number of exceptions to the bankruptcy discharge. See 11 U.S.C. § 523. Section 523(a)(1)(C) renders non-dischargeable any tax debt "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." The Eleventh Circuit has held that this language means that the government must prove both a conduct and a mental element by a preponderance of the evidence. *In re Griffith*, 206 F.3d 1389, 1396 (11th Cir.2000) (citing *Garner*, 498 U.S. at 287–88, 111 S.Ct. 654).

### *Conduct Requirement of § 523(a)(1)(C)*

▮▮▮▮ With regard to the conduct element, "the plain statutory language simply requires that the debtor have 'attempted in *any manner* to evade or defeat tax.'" *Fretz*, 244 F.3d at 1329 (emphasis added)

---

**1.** As the Court noted this proceeding concerns only the dischargeability of the 1978 taxes.

(internal citation omitted). While something more than simply failing to pay taxes is required, *In re Haas*, 48 F.3d 1153, 1155–1158 (11th Cir.1995), the government can satisfy the conduct requirement by showing that a debtor engaged either in acts of commission or culpable acts of omission to avoid payment or collection of taxes. *In re Jacobs*, 490 F.3d 913, 921 (11th Cir.2007). There are myriad fact patterns in which courts have concluded that acts or omissions, coupled with the failure to pay taxes, satisfy the conduct requirement of § 523(a)(1)(C).

### *Mental State Requirement of § 523(a)(1)(C)*

In order to satisfy the mental state requirement, the government must prove that a debtor: (1) had a duty to file income tax returns and pay taxes; (2) knew he had such a duty; and (3) voluntarily and intentionally violated that duty. *Fretz*, 244 F.3d at 1330 (citing *In re Griffith*, 206 F.3d 1389, 1396 (11th Cir.2000)). "The third or willfulness component of the mental state requirement 'prevents the application of the exception to debtors who make inadvertent mistakes, reserving non-dischargeability for those whose efforts to evade tax liability are knowing and deliberate.'" *Fretz*, 244 F.3d at 1330 (quoting *In re Birkenstock*, 87 F.3d 947, 952 (7th Cir.1996)). However, in order to show that a debtor voluntarily and intentionally violated his duty to pay, it is not necessary to establish fraudulent intent. *In re Jacobs*, 490 F.3d at 924.

### *Summary Judgment Standard*

The standard for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 7056 and 9014 of the Federal Rules of Bankruptcy Procedure. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179 (11th Cir.2002).

The evidence and all factual inferences therefrom must be viewed in the light most favorable to the party opposing the motion and all reasonable doubts about the facts must be resolved in favor of the non-moving party. *Andreini & Co. v. Pony Exp. Delivery Servs., Inc. (In re Pony Exp. Delivery Servs., Inc.)*, 440 F.3d 1296, 1300 (11th Cir.2006); *see also Loren v. Sasser*, 309 F.3d 1296, 1301–02 (11th Cir. 2002); *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179 (11th Cir.2002) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir.1999)). However, "[w]hen a motion for summary judgment has been made properly, the non-moving party may not rely solely on the pleadings, but ... must show that there are specific facts demonstrating that there is a genuine issue for trial." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

Moreover, the Court may consider evidence only if the evidence can be "reduced to admissible evidence at trial" or "reduced to admissible form." *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir.1999). *See also Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir.1999); *McMillian v. Johnson*, 88 F.3d 1573, 1584–85 (11th Cir.1996). *aff'd sub nom, McMillian v. Monroe Co.*,

520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir.1996).

### Application to the Instant Case

█ The United States argues that the doctrine of collateral estoppel precludes Ryals from relitigating whether he willfully evaded his 1978 federal income tax liability. Ryals argues that the United States' reliance on collateral estoppel is misplaced. Ryals argues that the United States prevailed in the United States Tax Court proceeding only because he did not have the resources to properly defend himself. Ryals argues that the gains he realized from selling marijuana were offset by losses and are therefore a wash for federal tax purposes.

Ryals' argument is misplaced. Ryals is precluded from challenging the amount of the tax assessments determined by judgment in the tax court. *Commissioner v. Sunnen*, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Moreover, because Ryals had the opportunity in the tax court action to make the offset argument he now raises, he is estopped from relitigating that issue now. *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir.2000). Additionally, Ryals' attempt to challenge the validity of the assessment against him for 1978 is outside the scope of this proceeding. Ryals instituted an action to determine 1) dischargeability of debt; 2) violation of the discharge injunction; and 3) the priority and extent of liens encumbering property titled as tenants by the entirety with his wife. Ryals did not institute an action under 11 U.S.C. § 505 to determine the amount of his tax liability. Even if he had, given that he is a Chapter 7 debtor and that a determination of his tax liability fails to serve a bankruptcy purpose, it is questionable as to whether Ryals has standing to challenge the amount of the tax debt.

█ The Court turns to the application of collateral estoppel. Because the Court must determine the preclusive effect of Ryals' federal criminal judgment in this dischargeability proceeding, the Court must apply the federal law of collateral estoppel. The doctrine of collateral estoppel applies to a federal court judgment when the following three elements are present: 1) the issue at stake is identical to the one involved in the prior litigation; 2) the issue was actually litigated in the prior litigation; and 3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that earlier action. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir.1984) (citations omitted).

### Identically of Issues

█ Issues at stake in a subsequent proceeding are identical to those in a prior proceeding if the elements of proof in the subsequent proceeding mirror those in the prior proceeding. *Clark v. Allen (In re Allen)*, 206 B.R. 602, 605 (Bankr.M.D.Fla. 1997). The issues at stake in this proceeding are whether Ryals engaged either in acts of commission or culpable acts of omission to avoid payment or collection of taxes and whether he knowingly, voluntarily and intentionally violated his duty to file income tax returns and pay taxes. The issue at stake in Count One of the indictment was whether Ryals conspired to impair the ascertainment and collection of his 1978 (among others) taxes. The elements of Count One are: 1) that two or more persons came to an understanding to try to accomplish a common and unlawful plan, to impair and impede the ascertaining and collection of income taxes of Jack C. Ryals; 2) that Jack Ryals willfully became a member of that conspiracy; 3) that during the conspiracy, at least one conspirator knowingly committed at least one of the overt

acts listed in the indictment; and 4) that the overt act was knowingly committed at or about the time alleged in an effort to accomplish some object or purpose of the conspiracy. The Court finds that the elements embodied in the charge of conspiracy to impair the ascertainment and collection of Ryals' 1978 taxes set forth in Count One of the indictment closely mirror the conduct and mental state requirements of § 523(a)(1)(C). Accordingly, the issue at stake in this proceeding is identical to that in the criminal proceeding insofar as it concerns Ryals' 1978 taxes.

### Actually Litigated and Critical and Necessary

 With respect to the "actually litigated" element, which for obvious reasons never exists in the case of a plea agreement, the question turns on whether or not the factual findings contained in the consent judgment manifest a preclusive intent. *In re Halpern,* 810 F.2d 1061, 1064–1065 (11th Cir.1987). Where the factual findings are sufficiently detailed to leave little doubt as to their meaning, a consent judgment operates as a final adjudication of the factual issues contained therein. *Id.* at 1064. Additionally, a guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Because Ryals admitted specific facts that would have resulted in a criminal conviction against him had the case gone to trial, the plea agreement manifests an intent by the parties for it to be preclusive.

The Personalization of Elements and Factual Basis portions of the written plea agreement contain Ryals' admission of specific criminal acts he committed in furtherance of the conspiracy to impair the ascertainment and collection of his 1978 income taxes. Ryals admitted that he conspired with others during the period of 1974 through 1983 to impede the IRS from ascertaining and collecting his income taxes, that he entered the conspiracy willfully, and that at least one conspirator knowingly engaged in at least one overt act in furtherance of the conspiracy.

Ryals also admitted that throughout the period from 1975 through 1979 he converted substantial sums of currency from drug sales into domestic cashier's checks and that he used the checks to disguise the true source of his income in an effort to impede and impair the Internal Revenue Service from determining his income and the resulting tax liability for those years. The Court finds that the actually litigated element of collateral estoppel is met in the instant case.

Finally, because Ryals' admission to all of the elements of Count One of the indictment was essential to a determination that he conspired to impair the ascertainment and collection of his 1978 taxes, the critical and necessary requirement is met. Thus, the third element of the collateral estoppel standard is satisfied.

### Ryals' Damage Claim Fails as a Matter of Law

 Ryals alleges that he suffered damages due to the collection action undertaken by Internal Revenue Service to collect his unpaid tax debt since he obtained a discharge in bankruptcy. A bankruptcy discharge does not encompass the debts listed in Section 523. 11 U.S.C. § 727(b). Since Ryals' income taxes were not discharged in bankruptcy due to his willful evasion of his tax debt, it follows that his claim for damages for violation of the permanent injunction arising pursuant to 11 U.S.C. § 524(a)(2) also fails. *In re Newman,* 399 B.R. 541 (Bankr.M.D.Fla. 2008), reconsideration denied, 402 B.R. 908 (Bankr.M.D.Fla.2009).

**Cross–Motion for Summary Judgment**

Ryals asserts that the 1978 fraud penalty and the interest thereon have been discharged by his Chapter 7 bankruptcy. In *Burns v. United States,* 887 F.2d 1541 (11th Cir.1989) the court held that interest is dischargeable only if the underlying tax is dischargeable, but that a penalty is dischargeable if the transaction or event giving rise to the penalty occurred more than three years prior to the petition date. In the instant case the events giving rise to the imposition of the 1978 fraud penalty occurred more than three years prior to the petition date. Accordingly, the 1978 fraud penalty and any accrued interest thereon are dischargeable.

### CONCLUSION

The doctrine of collateral estoppel precludes Ryals from relitigating whether he willfully evaded his 1978 federal income tax liability. Ryals' 1978 income tax liability is excepted from his discharge pursuant to 11 U.S.C. § 523(a)(1)(C). Ryals' claim for damages for violation of the discharge injunction fails. Ryals 1978 fraud penalty and the interest thereon were discharged by his bankruptcy. Upon the foregoing, it is

1. United States Motion for Summary Judgment as to Counts One and Four of the Amended Complaint is granted.

2. Jack C. Ryals Cross Motion for Summary Judgment as to Count Two of the Complaint is granted.